In re DOLLAR DRY CLEANING CO., Inc.

No. 19234.

District Court, D. Connecticut.

June 21, 1940.

Joseph L. Shulman, of Hartford, Conn., for debtor.

David R. Lessler, of Bridgeport, Conn., for Solomon and Massey.

HINCKS, District Judge.

This matter, which originally came into court under Chapter X of the Chandler Act, 11 U.S.C.A. § 501 et seq., is again before the court now upon a report of the referee in which he recommends that liquidation be ordered and that the assets be sold at public sale.

Acceptance of the report was opposed both before the referee and before the Judge on confirmation, by Messrs. Solomon and Massey who claim to have a substantial claim against the estate and also the controlling stock interest in the debtor corporation.

The referee's report contains a finding of facts upon which the referee concluded that the debtor was insolvent and the transcript of the hearing before the referee

shows clearly that the referee's recommendation of liquidation is predicated upon the debtor's insolvency.

■ Upon the record as made I cannot sustain a finding of insolvency. Among the liabilities the referee has apparently included an item of $10,000 claimed to be due to one Epstein, who for a time at least controlled a majority interest in the stock, and who has served as one of the two trustees during these proceedings. The referee's report shows that this claim has not yet been allowed. Indeed, the report states that the claim "may or may not be allowed". Yet the referee's conclusion appears to treat this item as an adjudicated liability. On the asset side, the referee has adopted the appraisal of Mr. Kirk which puts a value of only $13,000 on the debtor's real estate. When the hearing was held, the most recent appraisal which was before the court was one in which the real estate had been appraised at $21,000. To be sure, this appraisal was not binding on the referee, but if, as the referee and all the parties apparently assumed, the solvency of the debtor was in issue at the hearing, certainly the referee was not entitled to take into account an appraisal made, as Mr. Kirk's appraisal appears to have been made, after the hearing. Those contending for the solvency of the debtor doubtless came before the referee relying on the appraisal of $21,000—that being the most recent appraisal before the court. If at the hearing further evidence had been taken tending to show a lower valuation, these parties would have been entitled to cross-examine or to produce further evidence of their own. The procedure adopted foreclosed both these rights.

■ However, these errors were harmless. This is so because in law there was in truth no issue as to the question of insolvency. For Chapter X, Section 236(2), provides that in such a case as this the judge shall "enter an order either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this Act [title], or dismissing the proceeding under this chapter, as in the opinion of the judge may be in the interests of the creditors and stockholders." This provision must be contrasted with the corresponding provision in Section 77B. Section 77B, sub. c(8), 11 U.S.C.A. § 207, sub. c(8) provides that in such a case as this the judge may "except in the case * * * of a debtor which has not been found by the judge to be insolvent, direct the estate to be liquidated," etc. A comparison of the language of these two statutes makes it wholly apparent that a finding of insolvency is not a prerequisite to an adjudication under Section 236 of the Chandler Act. It follows that the question of insolvency was not directly in issue before the referee. Instead, the true issue under Chapter X was whether or not the interests of the creditors and stockholders required an adjudication, or a dismissal instead. This seems not to have been understood by the referee. For Messrs. Massey and Solomon sought to show that the interests of creditors, and stockholders as well, required the consideration, as an alternative to liquidation, of certain plans which had been recently filed. This offer was excluded by the referee as being outside the issues of the hearing. This ruling I must hold to be materially erroneous.

To be sure, the plans advanced by Messrs. Massey and Solomon had not been filed until more than a year after the institution of these proceedings. However, it does not appear that any order had ever been entered limiting the time within which plans might be proposed; certainly no such order has been called to my attention nor invoked for present purposes. The first plan proposed by the debtor failed of approval by the judge. Thereafter an amended plan was submitted which failed of approval for lack of a showing as to its feasibility, and the matter was returned to the referee for further proceedings in January, 1940. Thereafter the matter was allowed to continue without marked progress, due I suppose to a contest in the State court between Epstein, one of the trustees, and Solomon and Massey, which affected the stock control in the debtor corporation. Apparently, if Epstein had succeeded in this controversy further hearing would have been held upon the plan of the debtor under Epstein's control; otherwise doubtless an adjudication or a dismissal would have long since entered. And now that Solomon and Massey have succeeded, at least subject to appeal, in their struggle for the controlling stock interest, equity requires that the debtor under their control should have a hearing on its plan. Indeed, if I am right in my belief that the time for proposing plans has never been officially limited, the debtor under Solomon

and Massey is entitled to be heard on a plan as a matter of right.

It follows that the referee's report cannot be accepted and that the matter must be returned for further proceedings. In order that the matter may be brought promptly to a head, the trustee, with the advice of the referee, may submit for entry by the judge an order limiting the time for filing plans, or amendments to plans. And as a further means to accelerate the proceedings, any hearings held for the approval of plans may be combined with hearings for an adjudication under Section 236 of the Chandler Act, provided of course the notice of the hearings shall carry fair warning that the referee will proceed forthwith to consider an order of adjudication in the event that pending plans cannot be approved. Indeed, the notice might be expanded even further to include notice of an application for a sale in bankruptcy, if indeed any such application shall be pending at the time.

Ordered accordingly.