## In re PHILADELPHIA & READING COAL & IRON CO.
### No. 19711.

District Court, E. D. Pennsylvania.

March 7, 1939.

Archibald Palmer, of New York City, for petitioner.

Arthur Littleton, of Morgan, Lewis & Bockius, of Philadelphia, Pa., for Philadelphia & Reading Coal & Iron Co.

KALODNER, District Judge.

The Philadelphia and Reading Coal and Iron Company, a Pennsylvania Corporation, filed a debtor's petition for reorganization under Section 77B, Bankr.Act, 11 U.S.C.A. § 207, on February 26, 1937. Appended to the petition was a balance sheet disclosing assets of a book value of $94,219,000.

On the same date, order approving petition and continuing debtor in possession was filed, and a general order of reference made to Howard Benton Lewis, Esq., as Special Master.

On February 17, 1938, the debtor's plan for reorganization was filed, and referred to the Special Master.

Within a few months succeeding, reorganization plans were filed by various bondholder groups and debenture holder groups. The various plans of reorganization were specially referred to the Special Master.

At the inception of the 77B proceedings, the debtor owned some 154,000 acres of coal lands in Pennsylvania, embracing some 13 separate mining operations, employing 12,000 persons. It had $8,000,000 common stock outstanding. It had a funded debt of $54,354,000.

On April 14, 1938, Archibald Palmer, Esq., entered into the proceedings for the first time, appearing before the Special Master at a meeting on the reorganization plan. He stated at that time that he represented certain debenture holders but did not disclose their identity. It does not appear that any written entry of appearance was ever filed.

Subsequent to his appearance before the Special Master, Mr. Palmer filed numerous motions and petitions which resulted in long-drawn-out proceedings. As to the merit of these motions, petitions, and proceedings, we have no concern and express no opinion.

On Monday, March 6, 1939, hearing was had on four petitions filed by Mr. Palmer. The scope of these petitions is evidenced by the following brief description:

(1) Petition to restrain the Debtor from closing the Pottsville shops.

(2) Petition to strike out appearance of Thomas C. Egan, Esq.

(3) Petition for an order directing S. W. Blakslee to turn over, transfer and assign unto the Debtor patents by him received.

(4) Petition for an order withdrawing authorization to make lease to Bear Valley Coal Company.

Petitions 1, 2, and 3 were granted. Petition 4 was continued upon Mr. Palmer's own application.

During the course of the hearing Morton E. Yohalem, Esq., counsel for the Securities and Exchange Commission, called attention of the court to the fact that on several prior occasions the question of Mr. Palmer's authority to appear for his clients had been put in issue; that he (Yohalem) had suggested, on behalf of the Commission, that Mr. Palmer should be required to prepare and file a written statement of the clients whom he represents.

Counsel for the Securities and Exchange Commission called attention of the court to the specific provision in Section 210, of the Chandler Act, 11 U.S.C.A. § 610, which provides as follows:

"An attorney for creditors or stockholders shall not be heard unless he has first filed with the court a statement setting forth the names and addresses of such creditors or stockholders, the nature and amounts of their claims or stock, and the time of acquisition thereof, except as to claims or stock alleged to have been acquired more than one year prior to the filing of the petition. July 1, 1898, c. 541, § 210, as added June 22, 1938, c. 575, § 1, 52 Stat. 895."

Counsel for the Securities and Exchange Commission further pointed out that it is inherently within the power of the court to require attorneys on formal demand to state for the record the clients whom they represent.

Upon consideration of the matter, the court of its own motion directed that Mr. Palmer comply with the provisions of Section 210 of the Chandler Act.

■ The validity of this order is attacked by Mr. Palmer on the ground that other provisions of the Chandler Act have not been invoked.

The contention thus presented is without merit. The debtor's petition for reorganization was filed under Section 77B, 11 U.S.C.A. § 207, on February 26, 1937. The Chandler Act became effective September 22, 1938. Section 276(c) (1, 2), 11 U.S.C.A. § 676(c) (1, 2), provides:

"(1) If the petition in such proceedings was approved within three months prior to the effective date of this amendatory Act, the provisions of this chapter shall apply in their entirety to such proceedings; and

"(2) If the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall deem their application practicable; * * *."

Since the petition in the proceedings at issue was approved February 26, 1937, this case falls within the second group, and the new provisions are to be applied "to the extent that the judge shall deem their application practicable; * * *." See In re Old Algiers, 2 Cir., 100 F.2d 374, 375.

■ Independent of Section 210 and Section 276 of the Chandler Act, the court has the inherent power at any and all times to require counsel to file a statement disclosing the names and addresses of his clients, the nature and amount of their claims. Such a right cannot be questioned. Its exercise may frequently be of major and vital value to the interests of all parties to the pending litigation.

258

It should be exercised particularly in such proceedings as the instant one, where the interests of thousands of security holders and thousands of employees are involved.

Accordingly, the said Archibald Palmer, Esq., is hereby directed to file a statement showing the names and addresses of such creditors and stockholders; the nature and amounts of their claims or stock; and, except as to claims or stock acquired more than one year before the date of the petition, the time of acquisition thereof.