LONDON et al. v. O'DOUGHERTY.

Circuit Court of Appeals, Second Circuit.
March 13, 1939.

Leon London, of New York City, for the motion.

Before L. HAND and CHASE, Circuit Judges and PATTERSON, Disrtict Judge.

PER CURIAM.

The question raised by this motion is whether one must secure the leave of this court to appeal from an order awarding him too small an attorney's allowance in a reorganization under the Bankruptcy Act. Section 24a, 11 U.S.C.A. § 47(a), requires leave only in case the order "involves less than $500", and if it governs this appeal, no leave was therefore necessary, for the appellant asked more than $500. However, appeals from allowances are directly governed by § 250, 11 U.S.C.A. § 650, which provides that "appeals may be taken in matters of law or fact" from such orders, "and may, in the manner and within the time provided for appeals by this Act [title], be taken to and allowed by the circuit court of appeals". This language necessarily incorporates the provisions of § 24a as to the "manner" of taking an appeal, which need not be "allowed" by us, but lies as of right.

This would be enough if the reorganization proceeding itself had been started after September 22, 1938, when the amendments took effect. In fact it had then been pending more than three months. Section 276(c) (2), 11 U.S.C.A. § 676(c) (2), makes the provisions of Chapter 10 (including § 250 applicable to such reorganization proceedings) "to the extent that the judge shall deem their application practicable"; and "judge" means only a "judge of a court of bankruptcy", § 1(20), 11 U.S.C.A. § 1(20). Two alternatives are open: the judge may "deem" application of the provisions of Chapter 10 "practicable" or "impracticable" as a whole; or he may deal with them singly, the application of this one being "practicable", and of that, not. Plainly the second is the right interpretation, since the "practicability" of applying a provision de-

pends upon what it requires: it would generally be impossible to say that all were, or all were not, "practically" applicable. If the judge is to act upon the provisions singly, it would be quite impermissible for him to declare when it was practicable to apply § 250, which relates to appeals to this court: § 276(c) (2) cannot cover appeals. We therefore turn to § 6(b) of the Chandler Act itself, 11 U.S.C.A. § 1 note, which declares to what proceedings the amendments as a whole are applicable. That indeed is in substantially the same terms as § 276(c) (2), except that the determination is now ours, not the bankruptcy court's. Obviously, it is entirely "practicable" that § 24a shall determine the "manner" of taking appeals. Hence we hold that no leave was necessary, the appeal being of right.

Leave denied.