**In re PHILADELPHIA & READING COAL & IRON CO.**

**Appeals of SCHRAGER.**

Nos. 7102, 7128.

Circuit Court of Appeals, Third Circuit.

June 30, 1939.

Archibald Palmer, of New York City, and Jenkins, Bennett & Libby, of Philadelphia, Pa., for appellant.

Arthur Littleton, of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for debtor.

Cecil B. Ruskay, of New York City, and David Bortin, of Philadelphia, Pa., for New York Debentureholders' Protective Committee.

Chester T. Lane, Gen. Counsel, Securities and Exchange Commission, and Joseph L. Weiner, both of Washington, D. C., Morton E. Yohalem, of New York City, Martin Riger and Leon S. Alschuler, both of Washington, D. C. (J. Anthony Panuch, of New York City, of counsel), for the Securities and Exchange Commission.

Thomas Reath and Drinker, Biddle & Reath, all of Philadelphia, Pa., for Philadelphia Bondholders' Committee.

Allen Hunter White and Ballard, Spahr, Andrews & Ingersoll, all of Philadelphia, Pa., for Philadelphia Debenture Committee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

The Philadelphia and Reading Coal and Iron Company filed a debtor's petition for reorganization under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, in the district court for the Eastern District of Pennsylvania on February 26, 1937. On the same day the petition was approved by the court and the debtor was continued in possession of its properties.

On January 5, 1939 Lawrence Schrager and others, holders of debenture bonds of the debtor, filed a petition praying for the appointment of a trustee for the debtor under Chap. X of the act as amended, 11 U.S.C.A. § 501 et seq., the application of which the petitioners urged was practicable within the meaning of Sec. 276c (2), 11 U.S.C.A. § 676(c) (2). An answer was filed by the debtor and the court below referred the petition to a special master to take testimony and report his findings and recommendations. Pursuant to the order of reference the special master proceeded to hold hearings on the petition and answer.

Thereafter a plan of reorganization proposed by committees of bondholders of the debtor was filed and referred by the court to the same special master. On April 11, 1939, the court below, upon motion of the debtor, directed the special master to suspend his hearings on the petition for the appointment of a trustee until further order and to proceed with his hearings on the plan of reorganization.

On May 3, 1939 the court below filed an opinion denying petitions theretofore filed by the Securities and Exchange Commission and Schrager for the appointment of an examiner under Chap. X. The action of the court was not based upon the merits of the application but upon the ground that the questions involved were already before the special master on the petition to appoint the trustee and that while an examiner differs from a trustee "the reasons for the appointment of the one apply to the other." A formal order denying the petitions was entered May 8, 1939.

On May 4, 1939 this court affirmed an order of the court below refusing to appoint a trustee upon the ground that such action was mandatory in this proceeding under the provisions of Chap. X. Thereafter on May 9, 1939 counsel for Schrager petitioned the court below to modify its order of April 11th so that hearings on the petition filed January 5th for the appointment of a trustee might be proceeded with immediately. This petition the court denied by an order filed May 12, 1939. From the orders of May 8th, denying the petition for the appointment of an examiner, and May 12th, denying the petition to proceed with hearings on the application for the appointment of a trustee, Schrager, one of the petitioners, has appealed.

■ Under the provisions of Chap. X a trustee, in addition to his customary powers and duties as custodian of the debtor's property and manager of its business, is given broad powers to investigate the affairs of the debtor and to prepare a plan of reorganization. Under Sec. 168 of Chap. X, 11 U.S.C.A. § 568, an examiner with the powers of investigation of a trustee may be appointed by the district judge. It is quite clear, however, that Chap. X does not contemplate the appointment of both officials in the same proceeding and it is equally clear, as the court below said, that many of the reasons for the appointment of a trustee may apply equally to the appointment of an examiner. It, therefore,

would seem obviously desirable that both applications should be considered together in order that it may be determined which one, if either of them, should be granted.

The petitions for the appointment of a trustee and an examiner contain serious allegations of mismanagement which allegations, if found by the court to be substantial, would call for investigation by such an officer. Any causes of action brought to light by such an investigation should be taken into account in the plan of reorganization and might well have an important bearing upon the fairness of the pending plan if in fact it does not adequately preserve them and provide for their prosecution. We think it clear that it is not the purpose of Sec. 77B, or of Chap. X which succeeded it, to furnish immunity to wrongdoing by corporate officers if the requisite majorities of creditors and stockholders approve a plan of reorganization which leaves those officers in possession of the debtor without an investigation of their conduct. On the contrary the duty of the court to direct the investigation of all substantial allegations of mismanagement and fraud is plain. It is equally plain that it would not be fair to the individual creditors of a debtor for the court, before the preliminary report required of the trustee or examiner by Sec. 167(5) of Chap. X, 11 U.S.C.A. § 567(5), had been made, to permit the submission to them of a plan of reorganization which did not adequately preserve and provide for the prosecution of causes of action which might exist if such allegations of mismanagement and fraud were true.

The statutory provisions upon which the appellant relies are contained in Chap. X of the Bankruptcy Act. The application of these provisions to a proceeding such as the present one which was commenced under Sec. 77B is within the sound discretion of the district judge. They are to be invoked only if he shall deem their application to be practicable, that is feasible, fair and convenient, in the light of all that has previously happened in the pending proceeding. In re Old Algiers, Inc., 2 Cir., 100 F.2d 374; In re Philadelphia & Reading Coal & Iron Co., 3 Cir., 104 F.2d 126. The applicability of the several provisions of Chap. X is to be considered individually and not in whole. London v. O'Dougherty, 2 Cir., 102 F.2d 524.

In the present case the court below, as its opinion clearly indicates, has not considered the practicability of the appointment of an examiner. Furthermore by its order refusing to proceed with hearings upon the petition for the appointment of a trustee it has declined to consider the practicability of the appointment of such an officer until after the consideration of the plan of reorganization has been completed. We conclude for the reasons already given that the court below erred in both actions.

This reorganization proceeding is one of the first magnitude involving a great number of creditors holding first mortgage and debenture bonds approximating $55,000,000. It has already been pending for more than two years. It is of the first importance that all unnecessary delay in bringing it to a conclusion be avoided. The court below has very properly referred the proposed plan of reorganization to the special master for the purpose of taking testimony thereon and reporting his findings and conclusions. The hearings upon the plan will doubtless take considerable time. Meanwhile, as we have indicated, the petitions for the appointment of a trustee and of an examiner should have the consideration of the court. We think that the matter will best be expedited and the interests of justice served if these petitions are heard forthwith by the court itself without the delay involved in a reference to the special master whose time is already occupied with the consideration of the proposed plan of reorganization.

The orders appealed from are reversed with directions to the court below to vacate the reference to the special master of the petition for the appointment of a trustee, and to direct him forthwith to report the evidence heretofore taken by him upon that petition; and thereupon to proceed itself to hear the petitions for the appointment of a trustee and an examiner and to determine the practicability of the appointment of one or the other of such officers in the light of the evidence adduced and of all that has heretofore happened in the proceeding.