## H. H. SACKS, Inc., v. ATHERTON et al.
### No. 3490.

Circuit Court of Appeals, First Circuit.
Dec. 15, 1939.

174

Sidney Wedeen and Cohen & Wedeen, all of New York City, for appellant.

Lee M. Friedman and Friedman, Atherton, King & Turner, all of Boston, Mass., for appellees.

Before WILSON and MAGRUDER, Circuit Judges, and McLELLAN, District Judge.

PER CURIAM.

Having filed a notice of appeal in the District Court the appellant moves in this court for leave to appeal. Without pausing to consider whether leave to appeal is necessary in this type of case where more than $500 is involved (compare In re Albert Dickinson Co., 7 Cir., 104 F.2d 771 and London v. O'Dougherty, 2 Cir., 102 F.2d 524) such leave is granted.

The appellant is the debtor in reorganization proceedings instituted under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The appeal is from an order of the District Judge in so far as he made certain allowances to the trustee, to an accountant, to an attorney for a creditors' committee because they are too much and to counsel for the debtor, because of alleged inadequacy. The various petitions for compensation and disbursements were referred to a Referee in Bankruptcy as Master.

After hearing the parties, he made a report containing his findings of fact and his recommendation of the allowances of which the appellant complains. The evidence on which the facts were found was not reported. While in view of the size of the estate the amounts recommended by the Master and approved by the Court are larger in the aggregate than would be appropriate in an ordinary case, this is not an ordinary case. Much of the work on which the allowances were based was required because of the conduct of the appellant "in not obeying instructions and particularly in the purchase of merchandise for sale in the stores". As the Master also found the trustee "was subjected to harassment and abuse by the debtor and his attorney * * * in endeavoring to permit larger purchases of merchandise to be made which might involve him and the estate in great liabilities". We can not say that under the circumstances the allowances which the appellant says are too high were unwarranted or that the allowance to counsel for the debtor was inadequate.

The order of the District Judge confirming the report and making the allowances recommended by the Master involves no reversible error.

The order of the District Court is affirmed with costs to the appellees.