## OTIS & CO. v. INSURANCE BLDG. CORPORATION et al.
### No. 3544.

Circuit Court of Appeals, First Circuit.
March 15, 1940.

Henry E. Foley, of Boston, Mass., for appellant.

Joseph P. Rooney, of Boston, Mass. (Chester T. Lane, Samuel H. Levy, W. Crosby Roper, Jr., and Raoul Berger, all of Washington, D. C., and Coleman Silbert, of Boston, Mass., on the brief), for Securities and Exchange Commission, appellee.

Before MAGRUDER, and MAHONEY, Circuit Judges, and PETERS, District Judge.

PETERS, District Judge.

This is an appeal from an order of the District Court for the District of Massachusetts denying to Otis & Co. compensation for services and expenses in the proceeding for the reorganization of the appellee corporation. The court held that Sec. 249 of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 649, prohibited the granting of any compensation under the facts which appeared, in substance, as follows:

The petition in the proceeding was filed and approved June 3, 1938. Thereafter, and during the proceeding Otis & Co. acted as "agent and representative" of the bondholders of the debtor, functioning as a bondholders protective committee, and in that capacity asked for an allowance for services and disbursements.

It seems that in August, 1938, Otis & Co. took over from one of its affiliates $12,000 of the debtor's bonds at cost. On September 14, 1938, Otis & Co. sold $2,000 of these bonds, and between December 2 and December 5, 1938, it sold the balance —in all at a loss of $2,405.

Between December 12, 1938, and March 24, 1939, Otis & Co. purchased and sold an additional $12,500 of the debtor's bonds at a profit of $115 before payment of transfer taxes.

There is no doubt that in all the transactions Otis & Co. acted in good faith. The sellers of the bonds knew that Otis & Co. was acting as representative of the bondholders in the proceeding and it was "for the accommodation" of its customers that Otis & Co. entered into the later transactions.

■ A decisive question is whether the Section of the statute referred to is an absolute bar to the allowance of compensation or reimbursement under the circumstances mentioned. We think it is. It provides that:

"No compensation or reimbursement shall be allowed to any committee or attorney, or other person acting in the proceedings in a representative or fiduciary capacity, who at any time after assuming to act in such capacity has purchased or sold such claims or stock, or by whom or for whose account such claims or stock have, without the prior consent or subsequent approval of the judge, been otherwise acquired or transferred."

There are two situations in which compensation to a person acting in a representative or fiduciary capacity is prohibited:

1. Where such person has bought or sold claims against or stock in the debtor;

2. Where such "claims or stock have, without the prior consent or subsequent approval of the judge, been otherwise acquired or transferred".

The appellant questions the above paraphrase of the statute and urges that the words "approval of the judge" apply to purchases and sales as well as to other methods of acquisition, such as a bequest; and contends that its petition for approval by the judge of its transactions in the securities,—later filed in the proceeding,—

if granted, will remove any statutory bar to compensation.

The construction contended for does violence to the plain language of the Section (249) and is not in harmony with its legislative history and the manifest purpose of Congress.

Had Congress intended to give the judge authority to approve all acquisitions and transfers, including purchases and sales, it would have been a simple thing to say so. The differentiation between purchases and sales, as one classification, and securities "otherwise" acquired or transferred, as another, would be unnecessary unless they were to be separately treated—as they are by our construction.

The legislative history of the Section, although relied upon by both parties, strongly supports our view. The Section, as it originally passed the House of Representatives, simply provided that "No compensation or reimbursement shall be allowed to any committee, attorney or other person, acting in a proceeding in a representative or fiduciary capacity, who has so purchased, acquired or transferred any claims or stock"; that is to say, after the commencement of the proceeding. An amendment which added the language referring to claims or stock "otherwise acquired or transferred" was stated in the report of the hearings before the sub-committee of the Senate to be for the purpose of covering a situation where a fiduciary during the proceeding might involuntarily acquire stock or bonds of the corporation, as by a bequest. See Hearings before a Subcommittee of the Committee on the Judiciary, United States Senate, 75th Congress, 2nd Session, on H. R. 8046, pp. 80, 81, 124, 125. In a situation of that kind it was intended that he should have compensation, but only if approved by the judge.

No change has been made in that part of the Section which refers to the purchases and sales. Any such must be reported if the fiduciary asks for compensation. If they are the usual, voluntary purchases and sales, occurring during the proceeding after acceptance of the trust, allowance of compensation is prohibited without qualification. The existence of good or bad faith, the fact that there is, on the face of the transaction, a profit or a loss, is immaterial. No approval by the judge can alter the situation. It is doubtless true that the statute, thus construed, may work a hardship in some cases—as in this; but such sporadic cases are inconsiderable compared to the large object sought to be achieved by the law, which is to fix a standard of conduct by persons acting in fiduciary capacities, in these cases, so high as to prevent any possible clash between selfish interest and faithful performance of duty.

As a matter of fact, very much the same standard was established by the courts before the recent amendment to the bankruptcy law was passed. Michoud v. Girod, 4 How. 503, 557, 11 L.Ed. 1076; Magruder v. Drury, 235 U.S. 106, 119, 35 S.Ct. 77, 59 L.Ed. 151; In re Paramount-Publix Corp., D.C., 12 F.Supp. 823, 828.

The appellant objects to the application of Section 249 of the Chandler Act to the petition for allowance of compensation on the ground that the application was not "practicable", as that word is used in Section 276, sub. c(2) of the Act, 11 U.S.C.A. § 676, sub. c(2)—the petition in the reorganization proceeding having been filed more than three months prior to the effective date of the Act.

A fair test of practicability, as stated in the Second Circuit in the case of Old Algiers, 100 F.2d 374, 375, is "whether the new provisions, for aught that has happened in the pending proceedings, can be applied as fairly and conveniently as they could be had the proceeding been started within three months of the effective date of the Act".

That the District Judge used a similar test here is to be presumed, as the situation justified it. We see no unfairness in the application, as most of the appellant's services were rendered, and all of its purchases and sales were made, after the enactment of the Chandler Act, 11 U.S.C.A. § 1 et seq. All except the first purchase and sale were made after the effective date of the Act.

A similar retroactive application of the same Section was made in the Old Algiers case above referred to.

The order of the District Court is affirmed.