In re COLONIAL UTILITIES, Inc., et al.

No. 1276.

District Court, D. Delaware.

July 8, 1940.

George Whitefield Betts, Jr., of New York City, and Stewart Lynch, of Wilmington, Del., for Charles Rollins, successor trustee.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., for debtors.

NIELDS, District Judge.

Petitions for allowances.

August 4, 1937, Colonial Utilities Corporation filed its petition for reorganization. On the same day an order was entered approving the petition and continuing debtor in possession.

March 1, 1929, a trust indenture and collateral agreement were executed by Colonial Utilities Corporation and Glidden, Morris & Co. to S. Curtis Bird, trustee. At the date of the execution of this mortgage there was pledged with the trustee shares of stock of Ticonderoga Electric Light & Power Company to secure the payment of notes due originally March 1, 1934, extended to March 1, 1940, and representing the debt recited in said mortgage. March 18, 1932, Charles Rollins

was appointed trustee as successor to Bird. October 7, 1938, George Whitefield Betts, Jr. was retained by Rollins as his counsel. As successor trustee Rollins held 2,325 shares of stock of Ticonderoga Electric Light & Power Company to secure the payment of the gold notes of the debtor in the aggregate amount of $250,000.

February 9, 1940, Betts presented a petition to this court on behalf of Rollins for leave to sell the 2,325 shares of stock of Ticonderoga. March 22, 1940, an order was entered. authorizing the trustee to sell said stock at a price not less than $150,000. June 14, 1940, the trustee reported that he sold the stock for $150,000 to T. Dwight Boole as trustee. This sale was later confirmed by the court.

Petitions for allowances have been filed by Charles Rollins, successor trustee, and by George Whitefield Betts, Jr., and Stewart Lynch, his attorneys.

Objection is made by the Securities and Exchange Commission that no compensation can be allowed Betts because of section 249 of Chapter 10 of the Bankruptcy Act. 11 U.S.C.A. § 649. It provides: "No compensation or reimbursement shall be allowed to any committee or attorney, or other person acting in the proceedings in a representative of fiduciary capacity, who at any time after assuming to act in such capacity has purchased or sold such claims or stock, or by whom or for whose account such claims or stock have, without the prior consent or subsequent approval of the judge, been otherwise acquired or transferred."

Betts testified that he became counsel for the indenture trustee in October, 1938. That in December of that year he sold $5,000 of the 6% notes of the debtor and in October of the following year he sold $5,000 of 5½% bonds of the debtor. The notes and bonds had been purchased long before his selection as counsel to the indenture trustee.

It is obvious Betts' services as attorney for the indenture trustee do not come within the provisions of the Bankruptcy Act above quoted. They were not rendered "to any committee or attorney, or other person acting in the proceedings in a representative or fiduciary capacity".

For a contrary construction counsel for the Securities and Exchange Commission rely upon the case of Otis & Company v. Insurance Building Corporation, 1 Cir., 110 F.2d 333. There Otis & Company petitioned for compensation. The company had acted as agent and representative of a bondholders' protective committee. It appeared that Otis & Company on numerous occasions had purchased and sold bonds of the debtor. There is no doubt that Otis & Company comes within the express language of the statute and compensation to it was barred thereunder.

In the instant case Betts petitions for compensation as attorney for the successor trustee under an indenture expressly providing that his compensation was secured by a lien on the property pledged to secure the principal debt. Good faith and honorable dealing require this court to give effect to that pledge. Accordingly the court will allow out of the proceeds of sale of the pledged stock payment to Betts of reasonable compensation.

No objection is made by anyone to the amounts requested for services and expenses in any of the three petitions. The amounts sought are reasonable and will be allowed.

An order may be submitted.