## In re CHEMICAL LIME CO., Inc.
### No. 9693.

District Court, M. D. Pennsylvania.
July 25, 1940.

990

John G. Love, of Bellefonte, Pa., for exceptant.

WATSON, District Judge.

On the 16th day of January, 1938, this Court approved a petition filed under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, for the reorganization of the above debtor corporation and appointed Trustees to take possession of the property. The Trustees have been operating the Debtor's business until the present time and have not as yet filed a plan of reorganization, nor has a plan been filed by the Debtor Corporation or on its behalf. In view of this fact, on the 8th day of July, 1940, an order was entered by this Court, directing the surviving Trustee to prepare and file a plan, on or before July 27, 1940, or a report of his reasons why a plan cannot be effected in accordance with the provisions of Section 169 of the Bankruptcy Act, 11 U.S.C.A. § 569, and further directing that a hearing be held on such report on August 8, 1940, for the purpose of considering any objections which might be made or amendments or plans which may be proposed by the Debtor, or any other creditor or stockholders, and directing the Trustee to give notice of such hearing in accordance with the provisions of Section 171 of the Bankruptcy Act, 11 U.S.C.A. § 571.

On July 23, 1940, John G. Love, Esquire, Attorney for Robert S. Walker, a stockholder and creditor of the Chemical Lime Company, Inc., presented to the Court exceptions to its said order entered July 8, 1940. The exceptions in my opinion are entirely without merit, and any stay of the reorganization proceedings would mean further and unnecessary delay and would result in gross injustice to the creditors, stockholders, and other interested parties. Therefore, the situation calls for a prompt disposition of the questions raised by the exceptions.

The said exceptions are based upon allegations by the exceptant that the proceedings were instituted under Section 77B of the Bankruptcy Act, which does not provide for the entry of the said decree; that there are no Findings of Fact nor Conclusions of Law of record in the above, entitled proceedings making the provisions of Chapter X of the Chandler Act, 11 U.S.C.A. § 501 et seq., applicable, or determining that the provisions of Chapter X of the Chandler Act are practicable and expedient, or which determine the extent to which the Judge shall deem the application of the provisions of Chapter X of the Chandler Act practicable, and further alleging that the provisions of Chapter X of the Chandler Act are not applicable to the reorganization proceedings which were instituted under Section 77B of the Bankruptcy Act.

The Chandler Act, under which Bankruptcy and Reorganization proceedings are now operating, went into effect on September 22, 1938, but Congress plainly declared its purpose to have the provisions of Chapter X, Article 7, 11 U.S.C.A. § 556 et seq., applied to reorganization .proceedings then pending. By section 276, sub. c, 11 U.S.C.A. § 676, sub. c, such proceedings are divided into those in which the petition was approved within three months prior to the effective date of the Amendatory Act, and those approved more than three months before the effective date of the said Act, and since the petition in the proceedings at bar, was approved on January 6, 1938, this case falls within the second provision which reads as follows: "If the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall deem their application practicable".

It was intended that the Court should exercise its discretion to determine whether it is practicable to apply the new provisions to pending proceedings begun prior to June 22, 1938.

The test of practicability as applied in the case of In re Old Algiers,

Inc., 2 Cir., 100 F.2d 374, 375, "should be whether the new provisions, for aught that has happened in the pending proceedings, can be applied as fairly and conveniently as they could be had the proceeding been started within three months of the effective date of the Act—in which event the new provisions would indubitably control by reason of section 276 (c) (1), 11 U.S.C.A. § 676 (c) (1)." The same principle is upheld in the case of In re Philadelphia & Reading Coal & Iron Co., 3 Cir., 104 F.2d 126, 127, wherein it was held: "By the very terms of Section 276 (c) (2) of Chapter X of the Bankruptcy Act [11 U.S.C.A. § 676, sub. c (2)] the provisions of the Chapter were to apply to reorganization proceedings instituted before June 22, 1938, only to the extent that the district judge should deem their application practicable. The report of the Senate Committee on the Judiciary upon the bill discloses that it was the intention of Congress to vest a full discretion in this matter in the district judge. Senate Report No. 1916, 75th Cong. 3d Sess." See also London et al. v. O'Dougherty, 2 Cir., 102 F.2d 524, and In re Philadelphia & Reading Coal & Iron Company, D. C., 27 F.Supp. 256.

Section 169 of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 569, under which the order in question was entered, reads as follows: "Where a trustee has been appointed the judge shall fix a time within which the trustee shall prepare and file a plan, or a report of his reasons why a plan cannot be effected, and shall fix a subsequent time for a hearing on such plan or report and for the consideration of any objections which may be made or of such amendments or plans as may be proposed by the debtor or by any creditor or stockholder."

In view of the fact that practically two and one half years have elapsed since the filing of the petition in the case at bar and no plan of reorganization has been tendered by the Debtor corporation or on its behalf by its trustee or creditors, the Court in the exercise of the discretionary powers conferred upon it by virtue of the Chandler Act of 1938, deems it practicable to apply Section 169 of the said Act and to require the Trustee to file a plan or report his reasons why a plan cannot be effected.

Now, July 25, 1940, the exceptions by Robert S. Walker are dismissed.