## In re ARCADE MALLEABLE IRON CO.
### No. 62794.

District Court, D. Massachusetts.

Oct. 22, 1940.

David I. Stoneman, of Boston, Mass., for John J. Conley et al., petitioning creditors.

FORD, District Judge.

On July 29, 1940, David Stoneman, attorney, filed a petition for allowance of

462

fees for services rendered and expenses incurred by him as attorney for the petitioning creditors in the above entitled case and it appeared in the affidavit filed with the statement that after the commencement of the proceedings herein, to wit, on August 9, 1939, the petitioner purchased two bonds of the debtor. Although the petitioner was in entirely good faith, no compensation or reimbursement could be allowed the petitioner. Bankruptcy Act 1938, Section 249, 11 U.S.C.A. § 649; Otis & Co. v. Insurance Bldg. Corporation et al., 1 Cir., 110 F.2d 333.

Subsequently, on September 25, 1940, John J. Conley, William Keohane, and Downtown Investment Association, the petitioning creditors themselves, filed the within petition in which it is alleged that they had employed the above-named David Stoneman to prepare and file the petition herein and to represent them in the course of reorganization proceedings; that Stoneman did prepare and file the petition which was approved by this court and that from time to time, from then on, Stoneman was active in the proceedings. There was no question about the fact that Stoneman did render services to the Trustee appointed by the court and the Bondholders' Protective Committee, and was active in the preparation of the plan that was finally approved and confirmed by the court.

After Stoneman was notified that no compensation for services could be allowed him by this court on his original petition for services, he rendered to the petitioning creditors bills in the following amounts, which were paid:

Downtown Investment Association     $1,350.00
representing $1,250 on account of services and $100 for the filing fee advanced by him upon the filing of the original creditors' petition herein
William H. Keohane     $ 125.00
John J. Conley     $ 125.00

Section 241 of the Bankruptcy Act of 1938, 11 U.S.C.A. § 641, under which section the within petition is brought, reads as follows: .

"Sec. 241. The judge may allow reimbursement for proper costs and expenses incurred by the petitioning creditors and reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in a proceeding under this chapter—* * *

"(5) by the attorney for the petitioning creditors."

It is perfectly apparent in reading the above section that separate provisions are made for (1) costs and expenses incurred by petitioning creditors, and (2) compensation for services rendered by an attorney for them. In view of this, costs and expenses incurred by petitioning creditors can not be said to include what is tantamount to compensation for services rendered by an attorney for them. (See Senate Report No. 1916, April 20, 1938, on Revision of the National Bankruptcy Act, that states, " * * * The latter [petitioning creditors] may themselves be allowed only their proper costs and expenses.") Compensation for services rendered by an attorney must be secured by the attorney himself (Section 241(5) and, here, it is evident that the within petition was filed only for the purpose of avoiding the provisions of Section 249 which precluded, under the circumstances, compensation being allowed to their attorney.

The petition is denied except for the ultimate filing fee expense (Section 132, 11 U.S.C.A. § 532) incurred by the Downtown Investment Association, which is allowed. ·