## PLOURDE v. MASSACHUSETTS CITIES REALTY CO.
### Civil Action No. 1763.

District Court, D. Massachusetts.

Nov. 3, 1942.

Edward A. Brodeur, of Worcester, Mass., for plaintiff.

Emanuel Kurland and Singer, Stoneman & Kurland, all of Boston, Mass., for defendant.

HEALEY, District Judge.

This is an action brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover unpaid overtime compensation and an additional equal amount as liquidated damages, costs and a reasonable attorney's fee, provided for by the Act.

Facts

From October 24, 1938, the effective date of the Fair Labor Standards Act of 1938, through April 27, 1940, plaintiff's intestate was employed by the defendant as a fireman in the defendant's Burgess-Lang Building in Worcester, Massachusetts. The defendant, during the period from October 24, 1938, through April 27, 1940, leased space and provided light, heat and power in the Burgess-Lang Building to tenants engaged in the production of goods for interstate commerce.

On April 30, 1937, defendant filed a petition in this court for reorganization of the defendant corporation under Section 77B of the United States Bankruptcy Act, as amended, 11 U.S.C.A. § 207, then in force. On May 24, 1937, the court entered an order restoring debtor to possession and giving it "power to carry on its business, making such purchases and incurring such expenses as may be necessary in the ordinary conduct thereof. * * *" On September 27, 1938, the court entered an order confirming the defendant's amended plan of reorganization as modified, and giving defendant "full power and authority" to "put into effect and carry out" the amended plan as modified. By the terms of the amended plan as modified defendant retained control of its property and carried on its business including the operation, leasing and maintenance of the Burgess-Lang Building in Worcester, Massachusetts.

The employment of maintenance employees obviously was necessary to the carrying on of defendant's business in the Burgess-Lang Building in Worcester. Plaintiff's intestate was such an employee.

The court, on June 26, 1939, entered a final decree in the reorganization proceedings terminating the proceedings and providing in part, as follows: "3. That Massachusetts Cities Realty Co. be and it hereby is discharged from its debts and liabilities, except such debts and liabilities as have been incurred in the consummation of the Amended Plan of Reorganization as Modified, heretofore confirmed by this court, or have been preserved by said Plan of Reorganization."

After the entry of the final decree in the reorganization proceedings, the plaintiff was given one week's vacation with pay equal to the weekly wage regularly received by him.

During the period from October 24, 1938, to April 27, 1940, the plaintiff was paid his regular wages, but never received one and one-half times the regular rate for overtime as defined in Section 7 of the Fair Labor Standards Act of 1938.

The plaintiff's intestate makes claim for overtime compensation for the entire period from October 24, 1938, to April 27, 1940, including the one week during which he was on vacation.

In a "Statement of Agreed Facts", it is stipulated that, during the period from October 24, 1938, to June 26, 1939, the "plaintiff's intestate would have received the sum of one hundred fifty-eight dollars and eight cents ($158.08) in addition to his regular compensation if he had been paid one and one-half times the regular rate for overtime." The defendant contends that the final decree in the reorganization proceedings discharged it of any liability to plaintiff's intestate for additional compensation during the period from October 24, 1938, to June 26, 1939, the date of the final decree in the reorganization proceedings. The parties have agreed that during the period from June 26, 1939, to April 27, 1940, plaintiff's intestate would have received the sum of eighty-three dollars and six cents ($83.06), in addition to his regular compensation had he been paid one and one-half times the regular rate for overtime during that period; and the defendant concedes that this amount is due.

The parties have further agreed that, if the plaintiff's claim for additional compensation for one week during which he was

on vacation is valid, the plaintiff is entitled to eight dollars and sixty cents ($8.60).

## Discussion

■ The defendant, in effect, concedes, and it is clear, that the plaintiff's intestate in his employment as a fireman in the defendant's building was engaged, during the period from October 24, 1938, to April 27, 1940, in the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act of 1938, and is entitled to the benefits of the Act, unless barred by the final decree in the proceedings for reorganization of the defendant corporation. Fair Labor Standards Act of 1938, Secs. 3(j), 7, 16(b), USC Tit. 29, Secs. 203(j), 207, 216(b), 29 U.S.C.A. §§ 203(j), 207, 216(b). Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

The principal question involved, therefore, is whether or not the plaintiff is precluded from recovering overtime compensation and the other benefits provided by the Act for the period during which the defendant was in reorganization proceedings.

■ Since the bankruptcy judge applied the provisions of Section 77B of the Federal Bankruptcy Act, as amended, in force at the time of the petition for reorganization, the reorganization and its effects are governed by Section 77B. Federal Bankruptcy Act, as amended, Section 276, sub. c, 11 U.S.C.A. § 676, sub. c. London v. O'Dougherty, 2 Cir., 102 F.2d 524.

It is provided in part by Section 276, sub. c, of the Bankruptcy Act as follows:

"c. the provisions of sections 77A [206] and 77B [207] of chapter 8, as amended, of the Act [this title] entitled 'An Act to establish a uniform system of bankruptcy throughout the United States', approved July 1, 1898, shall continue in full force and effect with respect to proceedings pending under those sections upon the effective date of this amendatory Act, except that —* * *

"(2) if the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall deem their application practicable."

It was argued by plaintiff's counsel that the plaintiff's claim was preserved by the order confirming the Amended Plan of Reorganization as Modified and by the final decree. It is the plaintiff's contention that his claim was a proper administrative expense incurred in the consummation of the Amended Plan of Reorganization as Modified. It is unnecessary to decide this point as I believe that there are more substantial grounds upon which to predicate a finding for the plaintiff.

■ It is the declared policy of the Fair Labor Standards Act of 1938 to correct and eliminate detrimental labor conditions in industries engaged in commerce or in the production of goods for commerce. Fair Labor Standards Act of 1938, § 2, USC Tit. 29, § 202, 29 U.S.C.A. § 202; United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Bowie v. Gonzalez, 1 Cir., 117 F.2d 11. In pursuance of this policy, Congress by Section 7 of the Act prohibited the employment of employees engaged in commerce or in the production of goods for commerce for a work week longer than a specified number of hours, unless such employees receive overtime compensation of at least one and one-half times the regular rate of their compensation for such excess hours. Section 16(b) provides that an employee who has not received the overtime compensation provided for such excess hours may bring an action to recover such overtime compensation and an additional equal amount as liquidated damages, the costs of the action and a reasonable attorney's fee.

■ It is true that an action under Section 16(b) is one to enforce a private or individual right. However, it is one in which the public has a decided interest. It is one method by which the congressional conception of public policy is enforced. See U. S. v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430.

■ The main purpose of the entire Act is to maintain a decent standard of living for employees engaged in commerce or the production of goods for commerce. Bowie v. Gonzalez, 1 Cir., 117 F.2d 11.

■■ Consequently, the liability of an employer under the Act is something more than a debt or liability to an individual. See National Labor Relations Board v. Baldwin Locomotive Works, 3 Cir., 128 F.2d 39, 43. An employee, exercising his rights under Section 16(b) of the Act, exercises them, not only for his own bene-

fit, but for the benefit of the general public. Consequently, public policy demands that such exercise be not unnecessarily hampered. Reorganization of a corporation, under Section 77B, where the debtor is left in possession, will not cloak the debtor with immunity from its statutory liabilities to its employees, to the detriment of the public interest. National Labor Relations Board v. Baldwin Locomotive Works, supra.

In that case, one of the questions before the court was whether or not a final decree in reorganization proceedings under Section 77B constituted a bar to an order of the National Labor Relations Board that the debtor pay back wages to certain employees. The Circuit Court of Appeals there held that the final decree in the reorganization proceedings did not constitute such a bar. The court said: "Court supervision of corporate reorganization affords the operating possessor no freedom from its statutory duty to its employees." And again: "The Board's order of reparation constitutes something other than an ordinary debt. The power to award back pay, which the statute authorizes, exists for and is exercised in the public interest."

The Fair Labor Standards Act also exists for and is exercised in the public interest in preventing the obstruction of interstate commerce by the evils of low pay and long hours. See Bowie v. Gonzalez, supra. It seeks to place a floor under wages and a ceiling on hours. Section 16(b) provides one method by which this end is to be achieved.

■ Accordingly, in the public interest and in pursuance of the declared policy of the Fair Labor Standards Act of 1938, there can be but one holding. Neither the reorganization proceedings under Section 77B nor the final decree in such proceedings will relieve the defendant of any of its liability to the plaintiff in the instant case.

■ The plaintiff also claims overtime compensation for one week during which he was on vacation and performed no work at all for his employer. There is no merit to this claim. Section 7 of the Fair Labor Standards Act merely provides that no employer shall employ an employee for a work week longer than a specified number of hours without paying overtime compensation for his employment in excess of such hours. It is evident that an employee is not employed for a "work week" while he is on vacation. "Work week" manifestly means a week during which work is performed.

### Conclusion

Therefore, judgment is to be entered for the plaintiff in the sum of $482.28, plus the sum of $100 as a reasonable attorney's fee, and costs are to be assessed against the defendant.