### In re 188 RANDOLPH BLDG. CORPORATION.

### No. 8921.

Circuit Court of Appeals, Seventh Circuit.

Oct. 1, 1945.

Rehearing Denied Oct. 30, 1945.

Meyer Abrams, of Chicago Ill., pro se.

Joseph Z. Willner and Irwin T. Gilruth, both of Chicago, Ill., for Ben Gold, Trustee.

Roger S. Foster, of Philadelphia, Pa., and Thomas B. Hart, G. Gale Roberson, and John I. Mayer, all of Chicago, Ill., for Securities and Exchange Commission.

Taylor, Miller, Busch & Boyden, of Chicago, Ill., for Bondholders Protective Committee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The petitioner asks leave of this court to appeal from an order of the District Court, pursuant to section 250 of chapter X of the Bankruptcy Act, 11 U.S.C.A. § 650. The order was entered August 22, 1945, and denied petitioner's claim for services alleged to have been performed by him in this proceeding and which he alleges were valuable and beneficial to the estate. In passing upon this claim the District Court said: "Meyer Abrams has asked for an allowance as representing certain creditors. Unfortunately Mr. Abrams owned certain bonds of the debtor and sold them while the reorganization was pending in this court. Under the authority of Otis & Co. v. Insurance Building Corporation [1 Cir.],

110 F.2d 333, I do not think I can allow him any fee."

It is clear that the District Court did not pass upon the merits of this claim. The court's rulings were based on its interpretation of section 249 of chapter X of the Bankruptcy Act, 11 U.S.C.A. § 649.

This proceeding for reorganization was instituted on August 5, 1933, and petitioner intervened as counsel for other bondholders on July 29, 1937. On November 25, 1938, section 167 of chapter X of the Act, 11 U.S.C.A. § 567, was made applicable to this proceeding, and on March 22, 1943 most of the remaining sections of the Act, including section 249, were likewise made applicable. All creditors were so notified and petitioner was present in court when the court considered the question of making section 249 thus applicable to this proceeding.

On April 1, 1944, during the pendency of the proceeding, petitioner sold for his own account $11,700 principal amount of first mortgage bonds of the debtor to Union Security Company, and received therefor from the purchaser $1,573.65. Petitioner's verified petition for appeal alleges that he had acquired these bonds prior to the commencement of these proceedings. On June 8, 1945, petitioner filed his claim for an allowance of $12,500 for services rendered during the proceedings, and $59 for expenses. This claim was not accompanied by a statement under oath as required by section 249 of Chapter X. However, after evidence of such sale was adduced, petitioner filed his unverified statement with the District Court, that he had sold the bonds referred to and received payment therefor, prior to filing his claim, and after the application to this proceeding of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.; and that no claim against the debtor was acquired by petitioner or any member of his law firm after the commencement of this proceeding.

Subsequently, on June 14, 1945, petitioner filed in the District Court his written request that that court approve the sale of the bonds above referred to. The court denied this request.

■ Under these facts, which we assume to be true only for the purposes of this petition, the petitioner contends that an attorney representing individual claimants in a reorganization proceeding under Chapter X of the Bankruptcy Act is not prohibited by section 249 of the Act, from obtaining compensation for services rendered to the estate because he sold securities of the debtor, after the commencement of the proceeding, which securities he had acquired prior to such commencement.

We think there is no reasonable basis for ambiguity in the interpretation of the language of section 249, and that this contention is without merit. See Otis & Co. v. Insurance Building Corporation, 1 Cir., 110 F.2d 333; In re Mountain States Power Company, 3 Cir., 118 F.2d 405; In re Reynolds Investing Company, 3 Cir., 130 F.2d 60; In re Arcade Malleable Iron Company, D.C., 35 F.Supp. 461; In re Los Angeles Lumber Products Company, D.C., 37 F. Supp. 708.

Petitioner further contends that Section 249 of Chapter X may not be applied to prohibit allowance of compensation for services performed prior to the application of this section to the § 77B, 11 U.S.C.A. § 207, proceedings. We are convinced there is no merit in petitioner's contention that such ruling constitutes a retroactive application of Section 249. It is also worthy of note that this petition recites that it was through petitioner's insistence that the court made Section 249 applicable to this proceeding.

■ (3) Petitioner further contends that the word "or" in the phrase "purchase or sale" in Section 249 should be construed "and." Such construction would clearly establish error on the part of the District Court, for it ruled otherwise. We think the ruling was correct, and we find nothing in the Act to indicate that Congress intended it otherwise.

■ It is also urged by petitioner that section 249 authorized the District Court to subsequently approve petitioner's sale of the bonds. That question does not seem to be before us, for the court refused to approve the sale. Certainly the statute did not require that court to approve the sale, and there is nothing before us to indicate that the court abused its discretion in that respect, if it had such discretion.

Under these circumstances we think the appeal should not be allowed. See In re Seville Court Apartments Building Corporation, 7 Cir., 134 F.2d 232; Davis Transformer Co. v. Mansfield, 1 Cir., 141 F.2d 681.

Petition denied.