## BEKINS et al. v. LINDSAY–STRATHMORE IRR. DIST.

No. 9206.

Circuit Court of Appeals, Ninth Circuit.

Sept. 7, 1939.

W. Coburn Cook, of Turlock, Cal., for appellants.

Mitchell, Silberberg, Roth & Knupp and Guy Knupp, all of Los Angeles, Cal., and Jas. R. McBride, of Lindsay, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, Lindsay-Strathmore Irrigation District, has moved to dismiss an appeal from an interlocutory decree which, in a proceeding under chapter 9 (§§ 81–84) of the Bankruptcy Act,[1] confirmed a plan of composition and enjoined appellants, Milo W. Bekins and others, from commencing or continuing any suit against appellee on account of any indebtedness affected by the plan.

The ground of the motion is that the appeal was not taken within the time prescribed by law. The applicable law, appellee contends, is § 129 of the Judicial Code,[2] which prescribes, as the time within which an appeal from an interlocutory decree in equity may be taken, 30 days from the entry of such decree. The decree in this case was entered on March 11, 1939. The appeal was taken on April 18, 1939, 38 days after entry of the decree. Therefore, if this were an appeal from an interlocutory decree in equity, it would be too late.

But this is not an appeal from an interlocutory decree in equity. It is an appeal from an interlocutory decree in a proceeding under chapter 9 of the Bankruptcy Act. Section 25(a) of the Bankruptcy Act[3] provides: "Appeals under this Act [title] to the Circuit Courts of Appeals * * * shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry." In this case, no written notice of the decree was served or filed. Therefore, appellants had until April 20, 1939—40 days from the entry of the decree—within which to appeal. Hence, their appeal, taken on April 18, 1939, was in time.

Appellee cites § 83(e) of the Bankruptcy Act,[4] which, with respect to inter-locutory decrees in proceedings under chapter 9, provides: "Either party may appeal from the interlocutory decree as in equity cases." We think this means that such appeals are to be taken in the *manner* prescribed by law for taking appeals in equity cases. That the present appeal was taken in that manner is conceded.

Appellee would have us construe § 83(e) as requiring appeals from interlocutory decrees in proceedings under chapter 9 to be taken within the *time* prescribed by law for taking appeals from interlocutory decrees in equity cases. This we decline to do, since, to do so, would bring § 83(e) into conflict with § 25(a), supra. Such conflict is avoided by holding, as we do, that, as used in § 83(e), the phrase "as in equity" refers to the manner, not to the time, of taking appeals from interlocutory decrees in proceedings under chapter 9.

Motion denied.

---

[1] 50 Stat. 654–659, 52 Stat. 939, 940, 11 U.S.C.A. §§ 401–404. What is now chapter 9 of the Bankruptcy Act was formerly chapter 10 thereof. 50 Stat. 654, 52 Stat. 939.

