**577**

## DU PONT et al .v. OKEECHOBEE COUNTY, FLA.

### No. 10505.

Circuit Court of Appeals, Fifth Circuit.

April 26, 1943.

Giles J. Patterson, of Jacksonville, Fla., for appellants.

Joseph P. Lea, Jr., of Orlando, Fla., and T. W. Conely, Jr., of Okeechobee, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

In a proceeding to compose the debts of Okeechobee County, Florida, under Chapter IX of the Bankruptcy Act, being the Act of August 16, 1937, 50 Stats. p. 653, as amended by the Chandler Act of June 22, 1938, 52 Stats. page 939, and by the Act of June 28, 1940, 54 Stats. p. 667, 11 U.S.C.A. § 401 et seq., an interlocutory decree was made affirming a plan of composition, and an appeal was taken which was abandoned and dismissed. Alfred I. Du-Pont Testamentary Trust v. Okeechobee County, 5 Cir., 128 F.2d 451. Thereafter on Aug. 24, 1942, a final decree in the cause was entered. On Nov. 5, 1942, seventy-three days later, notice of appeal there-from was filed, and the record was sent to this court. Motion is made to dismiss the appeal because not filed within forty days from the entry of the decree complained of, as required by Section 25 of the Bankruptcy Act as amended by the Chandler Act, 11 U.S.C.A. § 48.

Appellant contends that the cited section has no application, but that appeals in proceedings to compose debts under Chapter IX are like those in equity, so that the time limit for an appeal from an interlocutory decree is thirty days under 28 U.S.C.A. § 227, and from a final decree three months under 28 U.S.C.A. § 230. It is argued that Chapter IX, 11 U.S.C.A. § 401 et seq., does not contain a provision expressly making applicable to it the provisions of Chapters I to VII, such as the Chandler Act wrote into Chapters X, XI, XII and XIII, 11 U.S.C.A. § 501 et seq.; but does contain the provision that "Either party may appeal from the interlocutory decree as in equity cases"; and though an appeal from the final decree is not mentioned, an appeal lies from it under the general law of appeals from final judgments. We are not persuaded that it is the legislative intent that appeals in municipal composition proceedings are to stand on a different basis from appeals in all other bankruptcy cases. The Act of Aug. 16, 1937, which authorizes such proceedings, is not independent legislation, but an Act to amend the Bankruptcy Act of July 1, 1898, and begins with a statement that the proceedings it authorizes are within the subject of bankruptcies and that "in addition to the jurisdiction otherwise exercised, courts of bankruptcy shall exercise original jurisdiction as provided in this chapter." The courts of bankruptcy referred to are those which are established by and whose procedure is regulated in Chapter IV of the Bankruptcy Act. Sections 24 and 25 of Chapter IV, 11 U.S.C.A. §§ 47, 48, in 1937 gave appellate jurisdiction over the courts of bankruptcy to the Circuit Courts of Appeal by "appeals, as in equity cases", or by petition to "superintend and revise in matter of law", and required appeals to be taken within thirty days. The reference in the Act of Aug. 16, 1937, to an appeal from the interlocutory decree "as in equity cases", 11 U.S.C.A. § 403(e), is thus but the repetition of words from Section 25 as it then stood, and does not mark a new kind of appeal in bankruptcy cases. When the Chandler Act in the following year

extensively amended the Bankruptcy Act, it dealt lightly with the Act of Aug. 16, 1937, merely altering the heading from Chapter X to Chapter IX, and adding a subsection. Sections 24 and 25 of Chapter IV were greatly changed, especially by eliminating review by superintendence and revision in matter of law, and making all appellate jurisdiction "exercised by appeal and in the form and manner of an appeal." The time for appeal remained thirty days if written notice be given of the judgement complained of, otherwise forty days. Although the Chandler Act did not rewrite Chapter IX as it did the following Chapters, inserting an express reference to the provisions of Chapters I through VII, we think Sections 24 and 25 as amended continue to be the source of appellate jurisdiction in all bankruptcy proceedings, including those under Chapter IX, and to regulate appeals in them. It was so held as to an appeal from the interlocutory decree in a municipal composition proceeding in Bekins v. Lindsay-Strathmore Irr. Dist., 9 Cir., 106 F.2d 586. We so hold as to an appeal from the final decree. This appeal not having been taken within the time limit, this court has not jurisdiction to entertain it.

Appeal dismissed.