**BENITEZ et al. v. FERRAN'S ESTATE.**

**No. 4000.**

Circuit Court of Appeals, First Circuit.

June 29, 1944.

Carlota Benitez de Seix and J. Octavio Seix, pro se.

Vicente Zayas Pizarro, of Ponce, P. R., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The purported appeal in this case is a backwash of Benitez v. Anciani, 1 Cir., 1942, 127 F.2d 121. After our mandate in this case went down, the District Court on March 9, 1943, upon motion of J. Octavio Seix, entered an order dismissing the bankruptcy proceedings. Carlota Benitez de Seix, J. Octavio Seix, and Jaime Seix Irahola filed a notice of appeal from said order, which had granted what appellant J. Octavio Seix asked for. On December 17, 1943, this court entered an order dismissing the appeals of J. Octavio Seix and Carlota Benitez de Seix for lack of diligent prosecution. On January 10, 1944, the appeal of Jaime Seix Irahola having meanwhile been continued under 50 U.S.C.A.Appendix, § 521 until further order of this court, the same was dismissed upon application of J. Octavio Seix as attorney in fact for Irahola.

After our mandate on this second appeal went down, the appellee moved in the District Court for taxation of costs in connection with the appeal, in the sum of $158.-35. This application came on for hearing before the District Court on March 10, 1944. J. Octavio Seix moved for a temporary stay of the proceedings under 50 U.S.C.A.Appendix, § 521 on the ground that Jaime Seix Irahola was absent in the military service. By order entered March 15, 1944, the District Court denied such application for stay of proceedings, reciting that the only matter pending in the proceedings was the taxation of costs and that since Irahola "appears to be adequately represented by his attorney-in-fact there is no reason to delay further the proceedings necessary to a final termination of this litigation." On April 15, 1944, the court entered an order taxing costs against appellants in the sum of $158.35 and ordered that execution therefor issue in the manner provided by law.

Meanwhile on April 12, 1944, appellants filed in the District Court a notice of ap-

436

peal from the said order of March 15, 1944, denying the application for stay of proceedings. This is the appeal now pending.

.Appellants have also submitted to this court an application for stay of the proceedings on appeal, pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 521. Appellee has filed an opposition to this application and has moved for "the dismissal of this frivolous and groundless appeal."

 Since less than $500 is involved, an appeal cannot be taken as a matter of right, but only upon allowance of the appellate court. 11 U.S.C.A. § 47. No petition for allowance of the appeal has been filed with the clerk of this court as prescribed by our Rule 11. In view of Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364, this would seem to be a procedural irregularity rather than a jurisdictional defect, and we have power to allow the appeal, treating the notice of appeal filed in the court below as an informal substitute for the application to us. But as the Supreme Court said in the case just cited (at page 582 of 311 U.S., at page 333 of 61 S.Ct., 85 L.Ed. 364): "Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient." Assuming that it is within our discretion to allow the appeal, we decline to allow it. There is in this case no such special equity as was present in Reconstruction Finance Corporation v. Prudence Securities Advisory Group, supra, as would warrant us in disregarding the procedural irregularity in the interests of substantial justice.

 Furthermore, as appears from appellee's opposition to the application for stay of proceedings, even if the appeal had been properly perfected, it has become moot. On May 6, 1944, upon the basis of a motion by appellee waiving its claim to costs, the District Court entered an order vacating and setting aside its order of April 15, 1944, taxing costs against the present appellants. The District Court's order of March 9, 1943, dismissing the bankruptcy proceedings stands beyond challenge, appellants' appeal therefrom having been dismissed; there is now no question of taxing costs against appellants on account of that appeal; such proceedings are there-

fore at an end. There is now no point, merely because of Irahola's absence in the military service, in keeping in suspense the present attempted appeal from the order of March 15, 1944.

The application of appellants for stay of proceedings is denied; the notice of appeal filed in the court below treated as an irregular application to us for leave to appeal is denied; the motion to dismiss filed by appellee is granted, and the appeal is dismissed.