## CAIN v. BOWLES et al.
### Civil Action No. 2548.

District Court, D. Oregon.

Oct. 19, 1944; Feb. 22, May 31, Aug. 3, and Sept. 25, 1945.

MacCormac Snow, of Portland, Or., for plaintiff.

James Fleming, Jr., Director, Litigation Division, Office of Price Administration, of Washington, D. C., W. Dunlap Cannon, Jr., Wm. B. Wetherall, and Herbert H. Bent, Regional Litigation Attys., all of San Francisco, Cal., and Franz E. Wagner, Chief Dist. Enforcement Atty., and Cecelia P. Gallagher, Dist. Enforcement Atty., both of Portland, Or., for defendants.

McCOLLOCH, District Judge.

Memorandum, October 19, 1944.

This is a procedural bog. Because the statute, section 205(g) of the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 925(g), required that suit be brought within five days after the service of suspension order, plaintiff's attorney felt that he would be jeopardizing his suit if he at the same time appealed from the order. Confronted in his suit with the contention that he "had not exhausted his administrative remedies," that is, taken an appeal, at my suggestion he endeavored to appeal. The right to appeal has now been denied him because, "instead of prosecuting an appeal * * * within the 10-day period allowed by Revised Procedural Regulation No. 4, respondent instituted an action in the United States District Court to enjoin and set aside the suspension order. * * *"

In other words, the client is to suffer because of his lawyer's blunder.[1]

It is my hope that the Hearing Adminis-

---

[1] Did the lawyer blunder? The statute is explicit that suit must be brought within five days, whereas the right to appeal is not statutory. It is granted by procedural regulation. I am not overlooking the Senate Committee report, which de-

trator will re-consider and allow the appeal. Reconstruction Finance Corp. et al. v. Prudence Securities Advisory Group et al., 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364, opinion by Mr. Justice Douglas, reflects the modern view that procedural complexities should not be allowed to defeat consideration of causes on the merits. I ask the lawyers to read this case.

Pending further consideration of the right to appeal,[2] I will for a brief period enter a temporary restraining order.

### Memorandum, Los Angeles, Cal., Feb. 22, 1945.

Decision has been delayed in this case because of the incompleteness of the file. The file was completed about the time I left Portland, and it has been sent to me here. I will defer decision until my return. Meanwhile, I would like to be sure that all interested parties in the OPA who have had a hand in handling this case are apprised that the Hearing Commissioner, whose order is under review, materially increased his sentence after returning to San Francisco. This raises an unusual and possibly a serious question of administrative practice. This fact was not known, at least I was not informed of it, until the completed file became available.

### Memorandum, May 31, 1945.

■ This case has been pending for a considerable time and now must be moved along. I have been waiting since about the first of the year for the Office of Price Administration (if they were so inclined) to correct the very bad administrative practice whereby the Hearing Commissioner rendered one decision at the conclusion of the re-hearing, and wrote up another decision after returning to his home office in San Francisco. A court would not be permitted to do that, and it may be that a question of due process is involved in what has been done here.[3] However, I am not disposing of the case on that ground now.

Early in the proceeding, as the record shows, the attorney for the defendant brought suit in this court to restrain the enforcement order. He thought he had to bring the court proceeding within five days from service of the order to protect his client, and he thought taking the court action precluded taking an appeal to the Hearing Administrator. When I suggested that he ask the Hearing Administrator to exercise his discretion to permit him to take an appeal, though out of time, he was met with the statement that since he had elected to sue in court instead of taking an appeal, his petition for exercise of the Administrator's discretionary authority would be denied.[4]

■ The Administrator's discretion, like all discretion involving the exercise of power, is a legal discretion, and must be fairly exercised on a consideration of the whole

---

fendants referred me to, but what lawyer other than the O.P.A. staff would know of that?

[2] The order was suspended pending the court hearing. What then was there for Mr. Snow to appeal from?

The suspension was lifted at the hearing before me by announcement of Mr. Cannon.

[3] " * * * another and equally important purpose (of judicial reviews of administrative decisions) is to insure fairness of administrative action. * * * " Rainbow Dyeing & Cleaning Co. v. Bowles, App.D.C. May 28, 1945, 150 F.2d 273, 279, 1st col., Arnold A. J., dissenting.

[4] "Order Denying Leave to Appeal

"Respondent, a retail grocer, has filed an application requesting an extension of time to and including October 31, 1944, within which to appeal from a suspension order issued by a Hearing Commissioner for Region VIII on August 12, 1944. Respondent further requests a stay of the operation of said suspension order pending determination of the appeal. A similar application for a stay has been denied by the

Hearing Commissioner upon the grounds that the appeal was not timely taken.

"The proceeding herein was originally heard on March 2, 1944, and as a result thereof respondent was suspended from dealing in processed foods and sugar for a period of 90 days. Thereafter respondent filed a petition with the Chief Hearing Commissioner for Region VIII requesting a rehearing. The operation of the suspension order was stayed pending consideration of this petition. On August 12, 1944, after a hearing on said petition, the order sought to be appealed from was issued again suspending respondent from dealing in processed foods and sugar for a period of 90 days. This order was served on respondent on August 18, 1944. Thereafter, instead of prosecuting an appeal to the Hearing Administrator within the 10-day period allowed by Revised Procedural Regulation No. 4, respondent instituted an action in the United States District Court to enjoin and set aside the suspension order. Respondent took no steps toward obtaining an administrative review of the order from August 18, 1944, when it was

record. No citation of authority is necessary for this fundamental proposition.

■ I have refrained until now from commenting on this action by the Administrator and the reason he gave for it, in the hope that better counsel would prevail, but apparently the Administrator's position is final, and since he will not review petitioner's case out of pique thus openly stated, and for the further reason that it now appears that only as late as December fifth of last year was a transcript of the proceedings before the Hearing Commissioner available,[5] I will now enter a preliminary injunction against the enforcement of the order in question, and after a limited time will make final disposition of the case, depending on whether anything has been done to correct the administrative procedure.

### Memorandum, August 3, 1945.

It has occurred to me since converting the temporary restraining order into a preliminary injunction, that the parties might feel consideration had not been given to Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring findings of fact in appropriate cases. I will be glad to consider any findings which either side feels should be made at this time.

■ My own view is that no findings are necessary until final disposition of the case, as the preliminary injunction like the temporary restraining order · is not based on factual issues but rather on administrative practices, (1) declining to allow an appeal without consideration of the record, and (2) increasing sentence after the conclusion of the hearing and out of the presence of interested parties and counsel.

In addition to (1) and (2) above, I now call attention that recently on two occasions the Administrator has entertained appeals, even though complaints had been concurrently filed in this court praying the issuance of injunctions—the same situation as in the instant case, with the single exception that in the instant case the appeal was not taken concurrently with filing the complaint for injunction.

### Judgment of Permanent Injunction, September 25, 1945.

■ This cause and matter coming on for final disposition, and it appearing that the issues on which final disposition of the case are being made are not factual, and therefore Findings of Fact are unnecessary, and the Court concluding as a matter of law (for reasons previously stated in memorandum opinions) that the defendants should be enjoined as prayed for in the complaint, now, therefore, it is considered, ordered and adjudged that the preliminary injunction heretofore issued herein be and the same is hereby made permanent, to-wit: the defendants and their successors in office are permanently enjoined from enforcing the certain suspension order directed to plaintiff, signed by Marvin E. Lewis, Hearing Commissioner, on August 12, 1944.[6]

---

served on him, until October 1, 1944, when the instant petition was filed.

"We have carefully examined respondent's petition and find no basis therein upon which the relief sought can be granted. Respondent does not set forth facts explaining why an appeal could not be timely taken. On the contrary the petition indicates a deliberate choice by respondent to seek relief in the Courts rather than through an exhaustion of his administrative remedies. In the petition before us respondent reiterates that he is not required to, nor does he believe he is permitted to, take an administrative appeal prior to bringing his suit in the District Court of the United States. Respondent's petition indicates that it was filed, not for the purpose of obtaining an administrative review, but merely because the Court, before which his action is now pending,

"requested" that he exhaust his administrative remedies. The petition does not set forth good cause, or any meritorious explanation, for respondent's failure to take an appeal within the time prescribed by the Procedural Regulation. Accordingly, we do not deem it appropriate to grant the relief sought.

"(s) Charles L. Ferguson
"Hearing Administrator"

Dated: October 7, 1944.

[5] "I had always thought that judicial review of administrative decisions was a protection against * * * arbitrary administrative injustice. * * *" Rainbow Dyeing & Cleaning Co. v. Bowles, App.D.C. May 28, 1945, 150 F.2d 273, 277, 1st col., Arnold, A. J., dissenting.

[6] Notes 3, 4 and 5 have been added to the opinions since they were handed down.