### ROSS et al. v. DRYBROUGH et al.
### In re QUANDT BREWING CO.
### No. 124.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1945.

Edwin R. Wolff, of New York City, for appellants.

Edward S. Rooney, of Albany, N. Y., for appellee Drybrough.

George J. Hatt, 2d, of Albany, N.Y., for appellee Wright, trustee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

PER CURIAM.

When this case was before us upon the first appeal (Ross v. Drybrough, 2 Cir., 149 F.2d 676, 677) we remanded it to the District Court to decide in its discretion whether Ross might "still be in a position to seek to compel the trustee to prosecute objections to respondent's claim or, in default of such action, to ask permission himself to act in the name of the trustee." The District Judge has now held that, regarded as an application by Ross to appeal "in the name of the trustee," our order of affirmance had finally disposed of it, and that it was no longer before him. He then held that, regarded as an application to compel the trustee to appeal, it contained "no direct request for such relief," a phrase which we had used in our opinion. For that reason he refused to consider the application upon the merits at all, adding that in any event it was too late for the trustee to appeal.

We do not think that the failure of the trustee to appeal within the time provided, § 25(a), 11 U.S.C.A. § 48(a), inevitably ended Ross's right to compel him

to do so, or his right to appeal in the trustee's name. Ross had filed a notice of appeal in the District Court within the time prescribed by § 25(a), and in point of jurisdiction, stricti juris, that served as an application either to compel the trustee to appeal, or, as an alternative, for leave to appeal in his name: as appears from the Supreme Court's decision in Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364. Nevertheless, the situation there was most exceptional. We had held in London v. O'Dougherty, 2 Cir., 102 F.2d 524, that, in order to appeal from allowances in a reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., it was not necessary to get leave of the Circuit Court of Appeals. The appellants, relying upon that decision, had only filed notices of appeal; and, after they had done so, the Supreme Court overruled our holding. Dickinson Industrial Site, Inc. v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. The result was, just as here, that in a case where leave to appeal was necessary, the appellant had merely filed a notice of appeal; yet the court held, as we have said, that this was not conclusive. Nevertheless, it carefully guarded against the notion that the mistake was one which could be cured as of course. It was only the extreme injustice arising from the appellant's reliance upon our erroneous decision which moved it to disregard the mistake, for it said: "Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient." 311 U.S. at page 582, 61 S.Ct. at page 333, 85 L.Ed. 364. Relying upon this, the First Circuit has dismissed an appeal when the appellant merely filed a notice of appeal. Benitez v. Ferran's Estate, 1 Cir., 143 F.2d 435. When we remitted the case at bar to the District Court, the judge was not therefore without power to grant leave to Ross to compel the trustee to sue, or for that matter to give him leave to sue in the trustee's name; for we do not distinguish between the two and did not mean to do so before. On the other hand, the circumstances which should induce the judge to do so must be strong indeed. The case must therefore be once more remitted with instruction to decide whether Ross should be allowed either to appeal in the trustee's name, or to compel the trustee to appeal.

In order to make clear the scope of his discretion we will add: first, he is to decide whether Ross had adequate excuse for the procedure he adopted: i.e., filing a notice of appeal, instead of asking, within the time prescribed by § 25(a), either that the trustee be compelled to appeal, or that Ross be given leave to appeal in the trustee's name. Next, he is to decide whether there would be enough merit in a timely appeal in either form to justify allowing Ross to prosecute it even at his own expense. In deciding the second issue it must moreover be remembered that the decision rests primarily with the trustee, and that it is only in cases of a plain abuse of his powers that he should be overruled.

The petition, so far as it is that of the appellants other than Ross, was plainly too late, and must be dismissed.

The order so far as it denied the petition as a petition of the National Surety Corporation and St. Paul-Mercury Indemnity Company is affirmed.

The order so far as it denied the petition of Ross is reversed, and the cause remanded for further proceedings in accordance with the foregoing.