**COHEN v. CASEY et al.**
**In re CARLTON HOTEL, Inc.**
No. 4129.

Circuit Court of Appeals, First Circuit.
Dec. 13, 1945.

Edward E. Cohen, pro se, for appellant.

John C. Johnston, of Boston, Mass., for appellees Casey and others.

G. K. Richardson, of Boston, Mass., for appellee John Hancock Mut. Life Ins. Co.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

Appellant Cohen was formerly counsel for Carlton Hotel, Inc., debtor in reorganization proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., pending in the court below. This is an appeal from an order of the District Court entered on July 6, 1945, in which the petition of appellant for a $35,000 counsel fee was allowed in the amount of $1,000. The only issue is the alleged inadequacy of the fee allowed in the light of the services rendered.

Appellees have filed a motion to dismiss the appeal on the ground that, under § 250 of the Bankruptcy Act, 11 U.S.C.A. § 650, an appeal does not lie as a matter of right from orders making or refusing to make allowances of compensation or reimbursement, but may be had only at the discretion of the circuit court of appeals upon a petition for leave to appeal filed in the appellate court and duly allowed by it. The point is well taken. Dickinson Industrial Site, Inc. v. Cowan, 1940, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. Appellant relies upon London v. O'Dougherty, 2 Cir., 1939, 102 F.2d 524, for the proposition that under § 250 an appeal lies as a matter of right, overlooking the fact that this case was subsequently expressly disapproved by the Supreme Court in Dickinson Industrial Site, Inc. v. Cowan, supra. The other case cited by appellant, Fuller v. Memphis Street Railway Co., 6 Cir., 1940, 110 F.2d 577, was also decided prior to the decision in the Cowan case.

In Cohen v. Casey, Trustee, et al., No. 4107,[1] appellant sought to obtain review of the same order of the District Court fixing his fee by filing in this court, on July 20, 1945, a petition for allowance of an appeal. This was the proper procedure for invoking our jurisdiction. But such petition was couched in only the most general terms. It did not indicate that the District Court had proceeded upon any error of law. It contained no concrete allegations which would make out a prima facie case of abuse of discretion by the District Court fixing the amount of the fee. Due to the insufficiency of the petition, we entered an order on November 9, 1945, denying leave to appeal. Davis Transformer Co. v. Mansfield, 1 Cir., 1944, 141 F.2d 681; In re Seville Court Apartments Building Corp., 7 Cir., 1943, 134 F.2d 232. It is in the contemplation of § 250 of the Bankruptcy Act that appeals relating to allowance or disallowance of fees shall be expeditiously and summarily disposed of upon the original papers. In his petition for leave to appeal in No. 4107, Cohen had a chance to make a showing that would have justified allowance of an appeal, but failed to do so.

We may add that, since entering

---
[1] No opinion for publication.

our order of November 9 denying Cohen's petition for leave to appeal in No. 4107, we have had an opportunity to examine the transcript of record in the present appeal and Cohen's brief on the merits filed therein. If such examination had indicated clearly any glaring error by the court below with respect to the amount of Cohen's fee, we might, in the interest of justice, have been moved to vacate the said order of November 9 and to enter in its stead an order allowing the petition for leave to appeal in No. 4107. Indeed, we might perhaps have accomplished the same result by allowing the present appeal, treating the notice of appeal filed by Cohen in the court below as an informal substitute for an application to us for leave to appeal. See Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364. But such special dispensation is not warranted by any exceptional circumstances appearing in the record. We are left with the impression that in all likelihood we would be obliged to affirm if we were to allow the appeal.

An order will be entered dismissing the present appeal.