BAY STATE CRABMEAT CO. v. UNITED STATES et al.

Admiralty No. 1407.

Civ. A. No. 7645.

District Court, D. Massachusetts.

June 14, 1948.

Joseph Gerard Barry and David S. Kunian, both of Boston, Mass., and John M. Fogarty, of Lynn, Mass., for Libellant.

Thomas Walsh, William T. McCarthy, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., all of Boston, Mass., for respondent.

WYZANSKI, District Judge.

The question raised is when "an action is begun pursuant to part 3 of Title IV (commonly called the Federal Tort Claims Act) of the Legislative Reorganization Act of 1946. Act of Aug. 2, 1946, c. 753, 60 Stat. 812, 842—847, 28 U.S.C.A. §§ 921—946.

Part 3 has four sections. Section 410 confers jurisdiction on the district court to hear certain claims against the United States in much the same way as it hear claims against private persons, with the exception that the trial is without a jury. Section 411 provides that "in actions under this part, the forms of process, writs, pleadings, and motions, and the practice and procedure, shall be in accordance with the rules [of civil procedure] promulgated by the Supreme Court pursuant to the Act of June 19, 1934 (48 Stat. 1064)." Section 412 provides for appellate review. And § 413 authorizes the Attorney General to compromise claims. 60 Stat. 843—845, 28 U.S.C.A. §§ 931—934.

Section 420, which is in Part 4, provides that "every claim against the United States cognizable under this title shall be forever barred, unless within one year after such claim accrued or within one year after [August 2, 1946] the date of enactment of this Act, whichever is later, * * * an action is begun pursuant to part 3 of this title". 60 Stat. 845, 28 U.S.C.A. § 942.

Bay State Crab Meat Co., Inc. complains of an injury inflicted upon its property on August 26, 1945 by a merchant vessel owned by the United States and operated by American South African Line Inc.

Within one year after the enactment of the Federal Tort Claims Act, that is on July 29, 1947, Bay State Crab Meat Co., represented by a proctor in admiralty, filed in the United States District Court for the District of Massachusetts a verified pleading, called a "libel". Except in two

respects, it described the injury complained of in the way customary in tort claims pleaded under the new federal rules of civil procedure. Throughout the libel admiralty terminology was used. And in the Fourth paragraph it was stated that "as against respondent, United States of America, libellant elects to proceed upon the principle of a libel in personam." The case was given by the Clerk's Office the docket number "In Admiralty No. 1407."

March 3, 1948 the United States filed exceptions to the libel on the ground "that the cause of action is not an admiralty or maritime cause of action, and is not within the jurisdiction of this Honorable Court." March 24, 1948 new proctors for Bay State Crab Meat Co. filed a motion to amend the complaint so as to strike out all references to a "libel" and all references to admiralty, and to present in the form of a substitute complaint its claim for money damages to property. This substitute complaint referred expressly to the Federal Tort Claims Act and was in accordance with the new Federal Rules of Civil Procedure, 28 U.C.S.A. following section 723c.

April 21, 1948 I sustained the government's exception. I also tentatively indicated from the bench that I thought that the claimant's motion could not be allowed. Before acting on this tentative reaction to the motion I allowed the claimant a further opportunity to amend. And on May 20, 1948 the claimant moved to amend its earlier motion to amend by stating expressly that its substitute complaint should "date back to July 29, 1947."

On mature reflection I have come to the conclusion that complainant's two motions should be allowed.

■ I begin with the obvious point that this court has been empowered to hear, and the United States has agreed to be held liable upon, only such claims as meet the terms of § 420. Compliance with those terms is essential to confer jurisdiction. United States v. Seminole Nation, 299 U.S. 417, 421, 422, 57 S.Ct. 283, 81 L.Ed. 316; Finn v. United States, 123 U.S. 227, 232, 8 S.Ct. 82, 31 L.Ed. 128. But what are those terms?

The goverment contends that one of the terms is that within a year after a claim accrues a complaint must be filed in accordance with the new federal rules of civil procedure. That was not done here. Instead the claimant filed a libel in admiralty which is admittedly not within those rules. F.R.C.P. 81 (a) (1).

■■ However, in my opinion the government reads § 420 too narrowly. The section says only that a claim is barred unless within a year "an action is begun pursuant to part 3." Certainly this does not mean that a claim is barred unless there is complete compliance with every rule of civil procedure—such, for example, as that the complaint be "simple, concise, and direct." F.R.C.P. 8(e) (1). For § 420 does not point with sharpness to § 411 nor expressly state that an action must be begun in literal accordance with the federal rules of civil procedure. It merely states that an action must be begun "pursuant to part 3". "Pursuant to" is a broad phrase. And "part 3" covers several subjects, embraces 4 sections and occupies parts of three pages of the statutes at large. It is not necessary for a suitor to comply literally with every word of part 3 before this court's jurisdiction attaches. In my opinion § 420 is satisfied if within the stipulated time an action upon the type of claim authorized by the Federal Tort Claims Act is brought in a United States District Court, in the proper district, and if the pleading names the United States as defendant and gives a sufficiently full description of a claim so that government attorneys can know what were the general circumstances on which the claim is predicated.

To dismiss for want of jurisdiction a pleading that meets this standard "would be extremely harsh." R. F. C. v. Prudence Securities Advisory Group, 311 U.S. 579, 582, 61 S.Ct. 331, 333, 85 L.Ed. 364.

Motions allowed. Case to be entered as "civil action No. 7645"; entry to be "as of July 29, 1947."