**In re PEDISICH et al.**

No. 12993.

United States Court of Appeals
Ninth Circuit.

Oct. 2, 1951.

Ernest J. Torregano, Gladstein, Andersen & Leonard, Norman Leonard, San Francisco, Cal., for appellants.

Max H. Margolis, Jerome Sapiro, San Francisco, Cal., Geary, Spridgen & Moskowitz, Santa Rosa, Cal., for Louis Hozz and Ettie Hozz, creditors.

Before HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

The debtor in this proceeding, Joseph K. Pedisich commenced a real property arrangement under Chapter XII of the Bankruptcy Act on July 11, 1947, 11 U.S.C.A. § 801 et seq. On May 14, 1951 the district court entered an order disallowing any compensation to the attorneys for the debtor and disallowing any reimbursement to these attorneys for costs not incurred or expended for the benefit of the estate. The attorneys for the debtor have appealed from that order. Louis Hozz and Ettie Hozz, doing business as Petaluma Milling Co., are creditors of the above named debtor and as such have moved in this court to dismiss the appeal.

■ The first ground urged for dismissal is that appellants did not obtain permission to appeal to this court as required by Section 498 of the Bankruptcy Act, 11 U.S.C.A. § 898.[1] While apparently there are no cases construing this section, Section 250 of the Bankruptcy Act, 11 U.S.C.A. § 650, which employs identical language has been construed to require that appeals of this character be taken only upon allowance of the court of appeals, Reconstruction Finance Corp. v. Prudence Securities Advisory Group, et al., 311 U.S.

---

1. "§ 898. Appeals

"Appeals may be taken in matters of law or fact from orders making or refusing to make allowances of compensation or reimbursement, and may, in the manner and within the time provided for appeals by this title, be taken to and allowed by the circuit court of appeals independently of other appeals in the proceeding, and shall be summarily heard upon the original papers. July 1, 1898, c. 541, § 498, as added June 22, 1938, c. 575, § 1, 52 Stat. 926."

579, 61 S.Ct. 331, 85 L.Ed. 364.[2] Though that case involved a Chapter X, 11 U.S.C.A. § 501 et seq., proceeding there is no logical reason why a different construction should be applied to a Chapter XII proceeding where identical language is involved. It is our view that an appeal from the order in question may be taken only upon allowance by this court.

 Appellants ask that we treat the notice of appeal as an application for leave to appeal. We have held that this court may so regard a notice of appeal since the defect is not jurisdictional. State of California Department of Employment v. Fred S. Renauld & Co., 9–Cir., 179 F.2d 605.[3] But we find no exceptional circumstances or any important question which would justify our allowance of the appeal in the interest of substantial justice. For the reasons indicated the appeal is dismissed.

2. See also Collier on Bankruptcy (14th Edition) Vol. 9, Paragraph 11:08, pp. 407–408.

3. See also Reconstruction Finance Corp. v. Prudence Securities Advisory Group et al., 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364.