**BROWN et al. v. HAMMER et al.**

**Matter of CAROLINA MILLS, Inc.**

No. 6545.

United States Court of Appeals
Fourth Circuit.

Argued March 16, 1953.

Decided April 7, 1953.

See also, 189 F.2d 876.

240

making allowances to one of the trustees and the attorney for the trustees. In connection with the petition for the allowance of the appeal, we have heard argument on the merits and have examined the portion of the record relating to the allowance of fees in question.

The appeal sought is from an order allowing additional fees of $17,500 to Mr. N. Walser Edens, one of the trustees, who had already received compensation for his services at the rate of $1,000 per month amounting in all to a total of $45,721.06, and making an additional allowance of $26,700 to Mr. Henry Hammer, attorney for the trustee, who had already received allowances aggregating $15,800. Mr. Edens had asked an additional allowance of $45,721.06 and Mr. Hammer of $69,200. We agree with the District Judge that the amounts asked were excessive. We do not find in his order, however, any findings of specific facts with respect to services rendered upon which the additional allowances which he made to Edens and Hammer can be sustained.

It appears that Edens and one Corry were appointed as trustees and that on February 8, 1949, about three months after their appointment, they petitioned the court that "it make an order for appropriate allowances to the trustees permitting payment to them of a stipulated amount at monthly periods and that said allowance be retroactive from the 11 day of November 1948." On February 9, 1949, order was entered "that an allowance be * * * authorized for said trustees of one thousand dollars each per month, beginning November 11, 1948, and to continue until the further order of this court." Under this order each of the trustees was paid $1,000 per month. Corry operated the mills of the corporation. Edens was a lawyer in general practice living 26 miles away, who assisted in handling business and legal matters arising in connection with their operation. He filed a petition in general terms asking additional compensation but set forth no facts therein which would show that he was entitled to anything in addition and offered no testimony in support of his claim.

---

Douglas McKay, Jr., Columbia, S. C. (McKay & McKay, Columbia, S. C., and Solomon Gilbert, New York City, on brief), for appellants.

Henry Hammer, pro se, and N. Walser Edens, pro se (Nelson, Mullins & Grier, Columbia, S. C., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition for the allowance of an appeal under 11 U.S.C.A. § 650 from an order of the District Court in a reorganization proceeding, under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 101 et seq.,

Hammer was paid $100 per week for his services upon his employment as attorney for the trustees, and this payment was continued until January 12, 1950, when order was entered discontinuing it upon petition of the trustees. On April 20, 1950, he was given an additional allowance of $3,000 and on November 30, 1950, one of $5,000. While he has rendered some services since the latter date, there is no finding as to what these services were or what they were worth. Hammer was an attorney engaged in general practice; and there is no finding as to what portion of his time was devoted to the business of the trusteeship, how much it interfered with his other business or how much the trustees needed or were benefited by his services, or any other facts upon which the additional allowance to him could be based. In this connection, it appears, in addition to the fact that Edens was himself a lawyer, that a tax expert had been employed at a cost to the estate of $50,000 to handle tax matters.

Appeal was taken within the time allowed by 11 U.S.C.A. § 48 from the order making allowances to Edens and Hammer. Motion to dismiss the appeal has been made on the ground that the exclusive method of review was petition to this court for allowance of appeal under 11 U.S.C.A. § 650. We think, however, that under the circumstances here appearing we should ignore the irregularity in the interest of substantial justice and should treat the appeal taken as a petition filed for the allowance of an appeal. Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364.

We find nothing in the portion of the record before us to justify the additional allowance to Edens after he had sought payment for his services and been paid under the order providing for monthly compensation, nor do we find anything in the record justifying so large an allowance to Hammer, although it appears that after the last allowance made him he rendered services for which he would be entitled to reasonable compensation. We shall therefore allow the appeal, shall vacate the order as

to the additional allowances made to Edens and Hammer on the ground that they are not based on adequate findings of fact and shall remand the case with direction to the District Court to make specific findings as to the services rendered by Edens and Hammer, as to the compensation to which they are entitled on account of such services and as to what additional allowances, if any, should be made them on account thereof. We express no opinion as to the allowances made which have not been appealed from and are not before us. We find no merit in the argument of appellees that the allowances to Edens and Hammer should not be reviewed because we are now without power to review the other allowances. The principles to be followed in making allowances of this sort are not those relating to division of a fund but those relating to reasonable compensation for services rendered.

Order vacated and cause remanded with directions.