251 F.2d 138
 In re AQUA HOTEL CORPORATION, Bankrupt.
AQUA HOTEL CORPORATION; Patricia Springer and John Cashen, Appellants,
v.
Thomas J. McLAUGHLIN, Trustee in Reorganization, Appellee.
(Sydney H. Kaye, Trustee in Bankruptcy, Intervenor, Ralph J.
Weiler, Intervenor.)
 No. 15439.
 United States Court of Appeals Ninth Circuit.
 Dec. 17, 1957, Rehearing Denied Jan. 28, 1958.
 
 Morris Lavine, Los Angeles, Cal., John A. Porter, John W. Bonner, John H. McNamee, Las Vegas, Nev., for appellants.
 Milton W. Keefer, Charles L. Garner, Las Vegas, Nev., Craig, Weller & Laugharn, Frank C. Weller, Hubert F. Laugharn, Thomas S. Tobin, Los Angeles, Cal., for appellees.
 Before FEE, BARNES, and HAMLEY, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 This proceeding was instituted under Chapter X of the Bankruptcy Act, 11 U.S.C.A. 501 et seq., to obtain reorganization of Aqua Hotel Corporation. Following disapproval of two proposed reorganization plans, the court adjudicated the corporation a bankrupt, and converted the proceedings from reorganization to bankruptcy.
 
 
 2
 The corporation and its principal stockholders, John F. Cashen and his former wife, Mrs. Patricia Cashen Springer, president and treasurer, respectively, of the corporation, appeal. Thomas J. McLaughlin, trustee of the corporation in the reorganization proceedings, appeared as appellee. Sydney H. Kaye, who became trustee in the bankruptcy proceedings, and Ralph J. Weiler, a creditor, applied for and obtained permission to intervene and defend against the appeal.
 
 
 3
 On August 1, 1955, Aqua Hotel Corporation (Aqua) began operating a hotel in Las Vegas, Nevada. Business did not come up to expectations, and the company soon found itself unable to pay its debts as they matured. The company therefore filed a petition in the district court, asking that corporate reorganization proceedings be had. The petition was filed on February 14, 1956, at a time when no bankruptcy proceeding involving the corporation was pending.
 
 
 4
 On February 16, 1956, an order was entered approving the petition and appointing a trustee. McLaughlin, who was named to this post, was authorized to take possession of the assets and property, and to carry on the business until further order of the court. The trustee was further directed to prepare and file, on or before May 11, 1956, a plan of reorganization or a report of his reasons why a plan could not be effected.
 
 
 5
 The time within which the trustee's report should be filed was thereafter extended to June 11, 1956. This same time limitation was set for the filing of proposed plans of reorganization by any other interested persons. The trustee's report was filed on that date, the position being taken that a plan of reorganization could not be effected. The court then extended the time for the filing of proposed plans by other interested persons to September 17, 1956. A further extension to October 4, 1956, was later authorized. Both of these extensions were granted upon the request of appellants.
 
 
 6
 On September 29, 1956, two proposed plans of reorganization were filed, one by Cashen and Mrs. Springer, and the other by Mrs. Springer. In a report filed on October 3, 1956, the trustee estimated the obligations of the corporation to be $721,346.85, and its assets to be $751,104.44. The latter figure was based upon the trustee's examination of books, records, and documents, no appraisal having been made.
 
 
 7
 The trustee reviewed the operations of the business under his management, indicating that there had been neither loss nor profit, and that it could continue to break even if outstanding obligations were disregarded. In this report, the trustee expressed the opinion that the plans proposed by Cashen and Mrs. Springer were not fair, equitable, or feasible. He, in effect, renewed his statement of June 11, 1956, that no acceptable plan of reorganization could be effected.
 
 
 8
 An order was entered setting for hearing on November 5, 1956, the trustee's report and the proposed plans of reorganization. A further question ordered to be considered at this hearing was whether, pursuant to 236(2) of the Bankruptcy Act, 11 U.A.C.A. 636(2), the debtor should be adjudged a bankrupt and bankruptcy proceedings be ordered, or, in the alternative, whether the reorganization proceeding should be dismissed.
 
 
 9
 Following the hearing on November 5, 1956, an order was entered disapproving the proposed plans of reorganization submitted by Cashen and Mrs. Springer. Applications for allowances of compensation and reimbursement of expenses incurred in the proceedings were ordered to be filed by November 15, 1956. A hearing to consider these applications was set for November 20, 1956. The court took under advisement until that time the question of whether Aqua should be adjudicated a bankrupt.
 
 
 10
 As a result of the hearing held on November 20, 1956, an order was entered on November 21, 1956, adjudging Aqua a bankrupt and decreeing that bankruptcy proceedings be had pursuant to the applicable provisions of the Bankruptcy Act. The hearing on the applications for allowances was continued to December 4, 1956.
 
 
 11
 Following a hearing on December 4 and 5, 1956, an order was entered on December 17, 1956, making and denying allowances. On the latter date, another order was also entered, terminating forthwith operation of the hotel business. The proceedings were transferred to the referee in bankruptcy. McLaughlin was authorized to continue as trustee in reorganization until the appointment and qualification of a trustee in bankruptcy. The assets and property of the debtor were then to be turned over to the duly qualified and acting trustee in bankruptcy.
 
 
 12
 On the following day, Aqua, Cashen, and Mrs. Springer filed a notice of appeal. On December 21, 1956, Aqua filed an amended notice of appeal. On January 4, 1957, the referee appointed Sydney H. Kaye as trustee in bankruptcy. He then came into possession of all of the assets of the debtor.
 
 
 13
 Appellants Cashen and Mrs. Springer have moved in this court to substitute Kaye, trustee in bankruptcy, as appellee in place of McLaughlin, trustee in reorganization, and to strike McLaughlin's brief.
 
 
 14
 Under the terms of the December 17, 1956, order, McLaughlin became functus officio as soon as Kaye qualified as trustee in bankruptcy and received from McLaughlin the assets and property of the debtor. Kaye is now the only authorized representative of the creditors. McLaughlin has no interest to protect aside from the personal one of avoiding resumption of his duties as trustee in reorganization, in the event appellants prevail. If he wishes to avoid this, he can decline to serve. The motion is therefore granted.
 
 
 15
 Appellants Cashen and Mrs. Springer have also moved to disqualify Charles L. Garner as attorney for Kaye, and to strike the brief prepared and filed by Garner on behalf of Kaye. The motion was made on the ground that Garner had previously acted as attorney for appellant Mrs. Springer in these proceedings, and was and is in a confidential relationship with her concerning this case.
 
 
 16
 Affidavits filed in connection with this motion indicate that, as an accommodation to one of Mrs. Springer's regular attorneys, from whom Garner subleases office space, Garner appeared for Mrs. Springer in two hearings, and performed other minor services in her behalf. Garner received no compensation for these services, did not come into possession of confidential information, and did not provide Mrs. Springer legal advice.
 
 
 17
 While there was here no breach of a confidential relationship, Garner was ill-advised in representing Kaye after having performed the indicated services for Mrs. Springer. The breach of a confidential relationship between attorney and client is a matter of such seriousness that any appearance of such a breach is to be avoided. Under the circumstances, however, we do not feel warranted in disqualifying Garner as attorney for Kaye. This motion is therefore denied.
 
 
 18
 Under their first specification of error, appellants argue that the assets of Aqua exceeded its liabilities, that Aqua was therefore not insolvent, and that a corporation involved in reorganization proceedings, which is not insolvent, may not be adjudged a bankrupt.
 
 
 19
 A person is insolvent within the meaning of 1(19) of the Bankruptcy Act, 11 U.S.C.A. 1(19), whenever the aggregate of his property shall not, at a fair valuation, be sufficient in amount to pay his debts. The court made no finding as to whether Aqua is insolvent, within the meaning of this statute.
 
 
 20
 The adjudication of Aqua's bankruptcy, however, was not made under the general provisions of the Bankruptcy Act, with regard to which 1(19) governs.[1] The adjudication here was made under Chapter X of the act, pertaining to corporate reorganizations. The particular statutory provision which the court applied is 236 of the act, 11 U.S.C.A. 636, the applicable part of which is quoted in the margin.[2]
 
 
 21
 Aqua was unable to pay its debts as they matured, as the corporation itself alleged in its petition seeking corporate reorganization. The only reorganization plans thereafter proposed were disapproved by the court. The court also denied further time for the amendment of such plans or the proposal of any other plans.
 
 
 22
 The existence of these circumstances authorized the court, proceeding under 236(2), to enter an order adjudging Aqua a bankrupt, and directing that bankruptcy be proceeded with. There is no provision in this statute, as there was under former 77B(c)(8), expressly excepting a solvent debtor from adjudication. The fact that such an exception was deleted in the enactment of 236 is a clear indication that insolvency, in the 1(19) sense, was no longer to be an essential element in adjudicating bankruptcy in reorganization proceedings.[3]
 
 
 23
 We therefore hold that the court did not err in adjudicating Aqua a bankrupt without first finding that it was insolvent, as that term is defined in 1(19) of the Bankruptcy Act.
 
 
 24
 Under their second specification of error, appellants contend that the court erred in denying the right to a trial by jury on the question of insolvency.
 
 
 25
 There was no trial on that question, nor, as we have seen, any need of one. Hence, there was no occasion to call a jury to determine such a question.
 
 
 26
 Under another specification of error, appellants challenge the order of November 7, 1956, in which the court disapproved the reorganization plans submitted by appellants, and denied the application for additional time within which to amend these plans.
 
 
 27
 Kaye contends that this court is without jurisdiction to review the order of November 7, 1956, because the notice of appeal was not filed within thirty days of that date.
 
 
 28
 It is provided in 25, sub. a of the Bankruptcy Act, 11 U.S.C.A. 48, sub. a, that appeals under that act shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order, or decree complained of, proof of such notice to be filed within five days after service. This section further provides that, if such notice be not served and filed, an appeal shall be taken within forty days from the entry of such judgment, order, or decree.
 
 
 29
 No notice of entry of the order of November 7, 1956, was served and filed. Appellants therefore had forty days, or until December 17, 1956, within which to appeal from that order. The original notice of appeal was filed on December 18, 1956. We are therefore without jurisdiction to review the order of November 7, 1956.
 
 
 30
 Under another specification of error, appellants argue that the court erred in denying the right to a trial by jury on the issue of whether the proposed plans of reorganization are fair, equitable, and feasible.
 
 
 31
 Since we are without jurisdiction to review that order, the asserted error in denying a jury trial with regard to the issues therein determined is not before us. In any event, examination of the record indicates that no demand was made for a jury trial on the issue of whether the proposed plans of reorganization are fair, equitable, and feasible.
 
 
 32
 Under the remaining specifications of error, appellants question the refusal to allow the claim of appellant Mrs. Springer for repayment of monies alleged to have been advanced by her; the refusal to allow the claim of the debtor's attorney for services rendered on behalf of the corporation during the reorganization proceedings; and the amount of the fees allowed the trustee in reorganization and the latter's attorney.
 
 
 33
 Appeals from all orders making or refusing to make allowances in such proceedings are governed by 250 of the Bankruptcy Act, 11 U.S.C.A. 650. In Dickinson Industrial Site v. Cowan, 309 U.S. 382, 385, 60 S.Ct. 595, 84 L.Ed. 819, it was held that appeals from such orders, under this section, may be had only at the discretion of the court of appeals. The proper procedure is to file in the court of appeals, within the time prescribed in 25, sub. a of the Bankruptcy Act, 11 U.S.C.A. 48, sub. a, an application for leave to appeal. Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364.
 
 
 34
 It is indicated in the case last cited that failure to follow such procedure is not jurisdictional. It is an irregularity which the court of appeals has discretion to disregard in the interests of substantial justice, where the scope of review is not affected. Thus, while a court of appeals normally 'would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient,' it may overlook this irregularity to avoid an 'extremely harsh' result in a particular case. Reconstruction Finance Corporation v. Prudence Securities Advisory Group,supra, 311 U.S. at page 582, 61 S.Ct. at page 333.[4]
 
 
 35
 Appellants have not applied to this court for leave to appeal from the challenged order making and refusing to make allowances. Examination of the record fails to disclose any patent error with regard to allowances, or to indicate that an extremely harsh result would follow refusal to review this order. We therefore decline to review the order relating to allowances.
 
 
 36
 Appellants have moved the court for an order remanding this cause to the district court with directions to appoint an appraiser, and to take his and other testimony concerning the actual value of the debtor's property and testimony as to the fairness and feasibility of the proposed plans of reorganization, and to make findings of fact and conclusions of law thereon. The motion is denied.
 
 
 37
 The judgment is affirmed.
 
 
 
 [1]
 Even under the general provisions of the act, insolvency is not always an essential element. See 3, sub. a of the Bankruptcy Act, 11 U.S.C.A. 21, sub. a; 6 Collier on Bankruptcy (14th ed. 1947) 4255, 12.03
 
 
 [2]
 '636. Failure to effectuate plan or consummation. If no plan is proposed within the time fixed or extended by the judge, or if no plan proposed is approved by the judge and no further time is granted for the proposal of a plan, or if no plan approved by the judge is accepted within the time fixed or extended by the judge, or if confirmation of the plan is refused, or if a confirmed plan is not consummated, the judge shall--
 '(2) where the petition was filed under section 528 of this title, after hearing upon notice to the debtor, stockholders, creditors, indenture trustees, and such other persons as the judge may designate, enter an order either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title, or dismissing the proceeding under this chapter, as in the opinion of the judge may be in the interests of the creditors and stockholders.'
 
 
 [3]
 See 6 Collier on Bankruptcy, supra, 4255, 12.03, expressing the same view and quoting the confirmatory statement of the draftsmen of Chapter X. To the same effect, see In re Dollar Dry Cleaning Co., Inc., D.C.D.Conn., 33 F.Supp. 861. Contra: John Hancock Mutual Life Ins. Co. v. Cassey, 1 Cir., 141 F.2d 104, certiorari denied 323 U.S. 713, 65 S.Ct. 39, 89 L.Ed. 574
 
 
 [4]
 See, also, Ross v. Drybrough, 2 Cir., 152 F.2d 427; Cohen v. Casey, 1 Cir., 152 F.2d 610, 611. As stated in the latter case: '* * * It is in the contemplation of 250 of the Bankruptcy Act that appeals relating to allowance or disallowance of fees shall be expeditiously and summarily disposed of upon the original papers. * * *'