Robert L. FERMAN, d/b/a Robert L. Ferman & Company, Appellant,

.v.

C. Gordon ANDERSON, Trustee of Re-Mark Chemical Co., Inc., Debtor, Appellee.

No. 18044.

United States Court of Appeals Fifth Circuit.

Dec. 17, 1959.

Rehearing Denied Feb. 11, 1960.

---

Arthur Roth, Miami, Fla., for appellant.

Robert A. Peterson, Miami Beach, Fla., Tom Maxey, Coral Gables, Fla., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

PER CURIAM.

Attempting to appeal from an order, having to do with compensation and disbursements in bankruptcy, entered on July 9, and filed on July 10, 1959, Robert L. Ferman, on August 10, 1959, filed a notice of appeal as though his appeal was of right.

On September 21, 1959, a motion to dismiss the appeal was filed on the ground that, being an appeal for which leave must be granted, it was not properly taken.

Alerted by the motion, appellant, on October 23, 1959, more than nine weeks after the original notice of appeal had been filed, filed in this court a motion for leave to proceed with the appeal. Here appellant concedes: that jurisdiction of any appellate court must be invoked within the time and in the manner set forth by statute; that the time and manner of taking an appeal in this case is governed by Title 11 U.S.C.A. § 48, sub. a;[1] that the notice of appeal filed on August 10th was not in accordance with the statute; and that "the court lacks jurisdiction in the absence of waiver to deviate from the statute." Milbank, Tweed & Hope v. McCue, 4 Cir., 111 F.2d 100; Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364. He argues, however, that his admitted failure to proceed in the time and manner required by the statute is not jurisdictional, and this court may, and should waive his non-compliance and allow his appeal. Reconstruction Finance Corp. v. Prudence Securities Advisory Group, supra.

Appellee, pointing out: that an appeal from a discretionary order of the kind involved here is allowable only in the discretion of the court of appeals; that the court will not disregard the failure to comply with the appeal statute except upon a showing that it is necessary to do so to avoid "an extremely harsh" result in a particular case; and that no such showing is, or can be, made here; insists that leave to appeal should not be allowed and the abortive appeal should be dismissed.

We agree that this is so. Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 581, 61 S.Ct. 332, 85 L.Ed. 364; Benitez v. Ferran's Estate, 1 Cir., 143 F.2d 435; Mario Mercado E Hijos v. Feliciano, 1 Cir., 260 F.2d 500, 502; In re Aqua Hotel Corp., 9 Cir., 251 F.2d 138.

In each of the last three cases, the court on the authority of what was said in the Prudence case supra:

"Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient." [311 U.S. 581, 61 S.Ct. 333.]

---

1. "Appeals under this title to the United States courts of appeals shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry."

determined for itself whether strong enough equities existed or "an extremely harsh result would follow refusal to review the order". It was determined, in one of them, that sufficient equities appeared, and, in the other two, that they did not.

 Following the same course here and determining for ourselves that this case presents no overriding equities requiring us to allow a review of the order in this case, we decline to do so, and order that the attempted appeal be dismissed.

Leave to appeal denied, and attempted appeal dismissed.