Victoria A. HART, Appellant,

v.

David W. HEDRICK, Trustee in Bankruptcy of Seminole Park and Fairgrounds, Inc., Debtor, Appellee.

No. 24547.

United States Court of Appeals Fifth Circuit.

Feb. 21, 1968.

James H. Tucker, Daytona Beach, Fla., for appellant.

David W. Hedrick, Orlando, Fla., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

SIMPSON, Circuit Judge:

The question here is whether this Court has jurisdiction to consider an out-of-time appeal in bankruptcy. Mrs. Hart is appealing from the disallowance of her amended claim in the amount of $197,-492.39 against the bankrupt, Seminole Park and Fairgrounds, Inc. Carl T. Langford was initially the trustee in bankruptcy. By order of the district court, the present trustee was subsequently substituted.

■ Mrs. Hart filed her amended claim on February 4, 1966. On March 17, 1966, after hearing, the referee in bankruptcy denied the amended claim. On petition for review the district court affirmed the referee by a written order dated November 23, 1966. No formal entry of this order was made, but copies were mailed to all attorneys of record. Notice of appeal to this court was filed by Mrs. Hart, in proper person, on January 9, 1967. On January 13, 1967, the trustee filed with the district court a motion to dismiss the appeal as untimely. The district court denied this motion on January 24, 1967, stating his view that it was for this court to decide in the first instance whether jurisdiction exists to consider the appeal. We agree.

■ On March 9, 1967, the trustee filed with this court a motion to dismiss the appeal. Another panel of this court ordered that motion carried with the case on the merits. Submitted to us for decision are the question of jurisdiction and (if jurisdiction exists) the merits of the appeal. Our consideration of the first question leaves us with the firm conviction that we do not have jurisdiction to hear the appeal. Accordingly, we dismiss the appeal as time-barred, and do not reach the merits of the case.

Section 25(a) of the Bankruptcy Act, 11 U.S.C. Sec. 48(a), is controlling as to timeliness. That section provides:

"(a) Appeals under this title to the United States courts of appeals shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry."

It is undisputed that the forty-day provision is applicable to the case *sub judice*. Forty-seven days elapsed from the date the district court affirmed the referee's order (November 23, 1966), and the date notice of appeal to this court was filed by Mrs. Hart (January 9, 1967).

■ The provisions of Section 25(a) of the Act are mandatory and jurisdic-

tional. DuPont v. Okeechobee County, Florida, 5 Cir. 1953, 135 F.2d 577, cert. den. 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 447; Klein v. Rancho Montana DeOro, Inc., 10 Cir. 1959, 263 F.2d 764; In re 1934 Realty Corp., 2 Cir. 1945, 150 F.2d 477, cert. den. Prudence Realization Corp. v. Hurd Committee, 326 U.S. 734, 66 S.Ct. 43, 90 L.Ed. 437.

Our attention has been directed to several cases which hold that failure to comply strictly with the provisions of the Bankruptcy appeal statutes may in certain circumstances be disregarded upon a showing that this is necessary to avoid "an extremely harsh" result. Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 581, 61 S.Ct. 331, 332, 85 L.Ed. 364; Ferman v. Anderson, 5 Cir. 1959, 272 F.2d 934; Mario Mercado E Hijos v. Feliciano, 1 Cir. 1958, 260 F.2d 500. These cases are inapposite for two reasons.

First, none of them involves a situation where, as here, neither a notice of appeal nor a motion for leave to appeal was filed during the critical forty-day period. In each notice of appeal *was filed* within the forty days, but proper procedure under the last sentence of Section 24(a) of the Bankruptcy Act, 11 U.S.C., Section 47(a) [1] was by motion to the Court of Appeals for leave to appeal rather than by filing notice of appeal in the district court. This was so because each of the appeals in question involved less than $500. (See footnote 1, supra). The cited decisions allowed this irregularity to be overlooked upon a showing of "special equity". A brief quotation from the

First Circuit case, *Feliciano,* supra, illustrates the principle involved:

"However, as we pointed out in Benitez v. Ferran's Estate, 1 Cir., 1944, 143 F.2d 435, 436, in view of the decision of the Supreme Court in R.F.C. v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364, we are bound to hold that this failure to file in the court of appeals a petition for allowance of an appeal is merely 'a procedural irregularity rather than a jurisdictional defect, and we have power to allow the appeal, treating the notice of appeal filed in the court below as an informal substitute for the application to us.' In view of the fact that the bankruptcy proceedings now pending in the district court will probably be impeded by the presentation of the claims of others to a 'right of reversion' similar to that asserted by the present appellant, it seems that a 'special equity' exists which should move this court to exercise its discretion to treat the notice of appeal as an informal, irregular application for leave to appeal. Consequently we now grant leave to appeal; and without further reference to our appellate jurisdiction we proceed to a discussion of the merits of the case." 260 F.2d at 502–503.

It seems clear to us that Mrs. Hart is entitled to no relief under this line of authority.

Secondly, assuming arguendo the applicability of the cases last cited, there is no sufficient showing by appellant that a "special equity" exists. The only circumstance advanced by Mrs. Hart is that her previous attorney, Millard B. Conk-

1. "The United States courts of appeals, in vacation, in chambers, and during their respective terms, as now or as they may be hereafter held, are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact: *Provided, however,* That the jurisdiction upon appeal from a judgment on a verdict rendered by a jury shall extend to matters of law only: *And provided further,* That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court.

"(b) Such appellate jurisdiction shall be exercised by appeal and in the form and manner of an appeal."

lin, notified her by letter dated October 18, 1966, that he was withdrawing as counsel in the instant case. Mrs. Hart says she understood the letter to mean that she would nevertheless be kept informed as to any further order of the district court in the pending bankruptcy proceedings, specifically that she would be told if and when the district court affirmed the referee's order, as it did on November 23, 1966. She received no such notification from Mr. Conklin.

We hold that we are barred from considering this appeal by the mandatory time requirements of Section 25(a) of the Bankruptcy Act. If there is any relief available to Mrs. Hart it lies elsewhere, not here. We express no opinion as to her right to proceed against Mr. Conklin.

Appeal dismissed.